## LEWIS *v.* HOOVER.

The plaintiff may recover, in trespass for an assault and battery, on proof of an assault, without any evidence of special damage.

**ERROR** to the *Allen* Circuit Court.

STEVENS, J.—Trespass, assault and battery. Plea, not guilty. Jury trial, verdict and judgment for the defendant. It appears of record in this case, by a bill of exceptions, that during the trial of the cause, after the parties had closed their evidence and arguments to the jury, and before the jury had retired, the plaintiff asked the Court to charge the jury that if they thought from the evidence, the defendant struck at the plaintiff with a stick, in a violent and angry manner, within striking distance of him, they ought to find for the plaintiff: which charge the Court gave, but added as an additional charge, that if no damage was proved to have resulted from the said assault, they ought to find for the defendant. To this additional and latter charge the plaintiff excepted, and prosecuted this writ of error.

The only question to be determined is, whether that latter and additional charge of the Court was correct?

Nov. Term,
1834.

An assault is an attempt or offer with violence to do a corporal hurt to another, as if one lift up his cane or fist at another in a threatening manner, or strike at him with a stick, his fist, or any weapon, within striking distance, but miss him. This is called an unlawful setting upon one's person, and is an inchoate violence for which the party assaulted may have redress by an action of *trespass vi et armis*, and shall recover damages as a compensation, although no actual suffering or injury is proved. The damages are not assessed for the mere corporal injury or pecuniary loss, but for the malicious and insulting conduct of the defendant. 3 Bl. Comm. 120.—1 Bac. Abr. 242.—1 Saund. on Pl. & Ev. 103, 104. From this it appears, that the above additional and latter charge of the Circuit Court to the jury is incorrect, and should not have been given.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*H. Cooper,* for the plaintiff.

*D. H. Colerick,* for the defendant.