## CONRAD LOMERSON v. PETER H. HOFFMAN AND MAHLON R. RISLER.

1. In a proceeding by *scire facias* against a garnishee in attachment, if there be the judgment of a court of competent jurisdiction against the defendant, the garnishee cannot bring in question the regularity or legality of the proceedings.

2. It is not necessary that a *scire facias* against a garnishee in attachment should be returned to the next term; that part of the statute is directory, not imperative.

3. A prayer in a declaration upon a *scire facias* against garnishee, that execution may issue "according to the form and effect of said recovery," is not fatal upon error. It may be rejected as surplusage, or the declaration may be amended after error brought.

4. In a trial on a *scire facias* against a garnishee in attachment in whose hands moneys of the defendant in attachment had been attached, it is sufficient *prima facie* proof to show that the garnishee, as constable, had sold property of the defendant in attachment which had been levied upon by him to an amount exceeding the executions in his hands. The law presumes that the amount of sales was paid to the constable and remains in his hands.

5. A judgment cannot be proved by parol for any purpose.

6. A constable will not be allowed to prove that property levied upon and sold by him did not belong to the defendant in execution, or that they had been seized under a prior attachment.

7. On a *scire facias* against a garnishee under a general attachment, it is not error that a verdict is against the garnishee for an amount greater than the plaintiff's claim; the recovery is for the benefit of all applying creditors.

---

This was a writ of error brought to remove the proceedings against the plaintiff in error on *scire facias* issued against him as garnishee in attachment. The reasons assigned and relied on appear in the opinion of the court by Justice HAINES.

Argued before Justices POTTS and HAINES.

Lomerson v. Hoffman and Risler.

HAINES, J.    Upon a writ of attachment issued out of the circuit court of the county of Hunterdon, at the suit of Peter H. Hoffman and Mahlon R. Risler, the defendants in error, against one George Wilkes, the sheriff returned that he had attached the said George Wilkes by money in the hands of Conrad Lomerson, the plaintiff in error, due to said Wilkes, and appraised at fifty dollars.    Judgment in the suit was afterwards entered against Wilkes, on the report of auditors, in favor of Hoffman & Company, for twenty-seven dollars and fifteen cents, and also in favor of certain applying creditors, for several other sums of money.    Peter H. Hoffman & Company then sued out a writ of *scire facias* against Lomerson, as the garnishee of Wilkes.    A declaration and plea were filed, and on the trial of the issue so joined, a verdict and judgment were rendered in favor of the plaintiffs below.

To review this judgment, Lomerson has brought a writ of error, and has assigned for error :

First.    That the court refused to non-suit the plaintiffs below.

This motion involved everything which it was material for the plaintiffs to prove in order to sustain their action.    The plea being prescribed by the statute, the defendant could neither demur nor plead specially.    But he could, under this statutory plea, require the plaintiffs to aver and prove every thing necessary for his protection in case of a suit against him by the defendant in attachment.    *Neal* v. *Cook*, 5 *Hal.* 337 ; *Welsh* v. *Blackwell*, 2 *Green* 349.    He may insist that it appear by the *scire facias* what property was attached, at what time, and in whose hands or custody, that a judgment was duly entered, and the amount of it.    But he cannot deny the debt due from the defendant in attachment, nor call in question the regularity of the proceedings.    *Welsh* v. *Blackwell*, 2 *Green* 347.

The omission, therefore, to recite in the *scire facias*, and in the declaration upon it, that the defendant was three times called in open court, and made default, the manner in which the writ was served, or that notice of its having been issued

was duly advertised, cannot be objected to by the garnishee. Neither of those matters are essential to his protection.

It is enough for that purpose that a judgment was duly rendered by a court of competent jurisdiction. Such judgment remaining unreversed is conclusive as between him and the debtor. It affords the garnishee a complete shield against the claim of his creditor for money or goods attached in his hands, and it precludes the garnishee from denying the plaintiff's right to the money or effects of the defendant so attached, in his hands. *McDaniel* v. *Hughes*, 3 *East* 367.

Nor is it a valid objection that the *scire facias* was not issued to the next term after the judgment. The statute, in that respect, is not imperative, but only directory. The delay of a term could in no wise prejudice the garnishee.

Again, it is objected that there is a variance between the declaration and the *scire facias*, the latter requiring the garnishee to show cause why the plaintiffs should not have execution for the money so as aforesaid due from him to Wilkes and in his hands, according to the statute in such case made and provided—the prayer of the declaration being that execution may be adjudged to the plaintiff of the debt and damages aforesaid, according to the force, form, and effect of the said recovery. The objection is, that here is a prayer for execution according to a recovery, when in fact there was no recovery against the garnishee. But I can see no reason why this objection should prevail.

I. The offensive words, "according to the force, form, and effect of the said recovery," may be rejected as surplusage. They are not necessary to constitute the cause of complaint. 1 *Chit. Pl.* 216. Nor an essential part of the declaration.

II. If not surplusage, the declaration in this particular is amendable even after error brought. *Short* v. *Coffin, Exr. of Coffin*, 5 *Bur. R.* 2730; *Tillotson* v. *Cheetham*, 3 *John. R.* 95; *Ten Eyck* v. *Del. & Rar. Canal Co.*, 4 *Har. R.* 9, and the cases there referred to. And the court may consider the amendment as made by overlooking the exception. 2 *Arch. Practice* 233; 3 *Black.* 407.

III. It may well be questioned whether such an exception can be taken under the plea in this case. If it may be, it is because the statute directs a particular plea, and by construction excludes a special plea or demurrer. If under that statutory plea the defendant may raise like questions as if he had demurred, the court will extend to the plaintiff the same advantages that he could have had on a demurrer, and in such case direct an amendment, if necessary to effect justice.

It is further insisted that the plaintiffs should have been called, because it is said they had failed to prove money in the hands of the garnishee.

Such proof was clearly necessary to maintain the issue. That was indeed the issue itself, and without proof of it the plaintiffs must have failed in their action.

But it was shown and admitted that Lomerson was acting as a constable, and had in his hands to be executed, several writs of execution, issued out of a court for the trial of small causes, to the amount of two hundred and forty-three dollars and forty-two cents; that by virtue thereof he had sold property which he had levied upon as the property of Wilkes, to the sum of five hundred and thirty dollars, leaving a surplus of two hundred and seventy-two dollars and fifteen cents. And the court rightly held that in presumption of law, the constable received the whole amount of the sales, and held the surplus for the use of Wilkes, and that this was *prima facie* evidence of his having money of Wilkes in his hands.

He sold all the interest of Wilkes in the property, and it brought more money than was due on the executions. For the surplus, he was accountable to Wilkes, and if Wilkes had sued him for the money, it would in such suit have been no defence to show that the purchase money had not in fact been paid, unless it also appeared that it remained unpaid by the consent of Wilkes.

It is further assigned for error that the court overruled material and competent evidence offered on the part of the garnishee.

The evidence overruled, was :

First. Parol evidence of a judgment rendered in the state of New York; and it is insisted that such evidence was competent, because it was intended to prove the result of the judgment, and not the proceedings by which it was obtained.

But how could the result or effect of a judgment be shown without the production of the record, or an exemplification of it? And when was it ever held that parol testimony could be given of a judgment?

Upon the first and most simple rule of evidence, that the best which the nature of the case admits of must be produced, the court was clearly right in rejecting the parol proof offered.

Again, it was further attempted to prove that Wilkes did not own the property sold, by showing that Boody, Ross & Company at the time of the sale, agreed with the execution creditors that they would bid upon and purchase the property at the price of five hundred dollars; and if it proved to be the property of Wilkes, they would pay for it—but if it did not appear to be the property of Wilkes, it should be no sale, and they should not be required to pay for it. And that the right to the property was to be determined by a suit then pending in the state of New York.

This testimony was irrelevant, and ought to have been overruled.

Boody, Ross & Company had, by their agent, appeared at the sale. They made no claim to the property, but treated it as that of Wilkes', by bidding upon and purchasing it. To the agreement under which it is said they purchased, Wilkes was not a party, and by it he was in no wise bound. It did not change his right to the surplus money in the hands of Lomerson.

And Boody, Ross & Company having treated the property as Wilkes', had no right, through the garnishee, to set up a prior claim to it on this trial. Nor had the garnishee any right to deny before the court what by his own levy, made under his official oath, and by his sale, he had elsewhere openly avowed. He had declared the property to belong to

Lomerson v. Hoffman and Risler.

Wilkes, and it did not lie in his mouth to deny it, and thereby to defeat Wilkes or his creditors in the recovery of the surplus money in his hands.

The garnishee further offered to prove that a prior attachment had been issued against Wilkes, at the suit of one Nichols, under which the plaintiffs below in this suit were applying creditors for the same debt.

This evidence was properly overruled. The pendency of a prior attachment would have been a good ground for a motion to set aside a second one, under which these proceedings were had, but no such motion appears to have been made. The second attachment was not set aside, but proceeded in to judgment. It was voidable, but never avoided, and it could not be declared void in this collateral way. It was not competent for the garnishee to set that up on this issue.

It is further objected, that the verdict was for more than the amount due to the plaintiffs below. But it must be remembered that the plaintiffs represent not only their own claims, but those of all the applying creditors. The proceedings against the garnishee are necessarily in their name, but for the use of all those creditors. The verdict did not exceed the amount due to them, and therefore is not wrong.

Other errors are assigned upon the charge delivered by the court, and on his refusal to charge as requested by the counsel of the garnishee. But the questions thereby raised are substantially, if not literally, the same as those that have been considered.

Not being able to see any error in the proceedings below, I am of the opinion that the judgment should be affirmed with costs.

POTTS, J., concurred.

REVERSED, 1 *Dutch.* 625. CITED in *Schenck* v. *Griffin*, 9 *Vr.* 465.