## M. C. REESE *v.* LINDA BARBEE.

ASSAULT AND BATTERY.    *Excuse.    Intoxication.*
   Drunkenness is no defense to an action by a woman against a man for assaulting her with a pistol, but rather an aggravation of the tort.

APPEAL from the Circuit Court of Grenada County.
HON. A. T. ROANE, Judge.

After the reversal of the former result in this case, *Barbee* v. *Reese*, 60 Miss. 906, the venue was changed on the plaintiff's application.    The present appeal by the defendant presents by special bill of exceptions only the following facts: The evidence showed that the defendant was very drunk at the time of the alleged assault by him upon the plaintiff, and the court instructed at her request: " 3. If the jury believe from the evidence that the defendant at the time of the alleged assault was drunk, such drunkenness furnishes him no excuse for the assault, if the jury believe the assault was made; but, on the contrary, such drunkenness is in law an element aggravating said assault;" and the court refused to give for the defendant the following charge: " 8. While drunkenness may not and does not excuse a man for his acts, yet the jury may look to the condition of the defendant, as shown by the testimony, at the time of the alleged offense to the plaintiff in determining whether or not the plaintiff is entitled to excessive punitive or exemplary

damages—that is to say, whether the testimony before them establishes to their satisfaction that state of case in which the law authorizes the jury in their discretion to give such damages."

*Slack & Longstreet,* for the appellant.

Man, sober, is as accountable for his acts as he can be. If this is true, the plaintiff's charge is erroneous, for it announces that drunkenness is an aggravation of an assault. The drunker he gets, the greater his accountability and the larger the damages is the necessary result of such a doctrine. Being sober should then be admissible in mitigation of damages. Respectable authorities hold a contrary view. A man too drunk to have a purpose cannot commit murder, *Swan* v. *State,* 4 Humph. 136 ; Wharton Crim. Law, § 41 ; nor make a contract, *Berkley* v. *Cannon,* 4 Rich. 136 ; Pollock's Principles of Contract 79 ; *Reinskopf* v. *Rogge,* 37 Ind. 207 ; nor indorse a bill of exchange, *Gore* v. *Gibson,* 13 M. & W. 623 ; nor vote too often, *People* v. *Harris,* 29 Cal. 678 ; nor attempt to commit murder, *Regina* v. *Cruse,* 8 C. & P. 541; nor have malice, which is essential to exemplary damages, *Moore* v. *Crose,* 43 Ind. 30 ; *Schindel* v. *Schindel,* 12 Md. 108 ; *Stillwell* v. *Barnett,* 60 Ill. 210 ; Cooley on Torts 114. A man blinded by opium excitement cannot commit murder in the first degree. *Jones* v. *Commonwealth,* 75 Penn. St. 403 ; Wharton on Homicide, §§ 198, 584, note 3. If it was proper for the plaintiff to prove drunkenness as an aggravation, it was competent to prove circumstances in mitigation, whether the plaintiff availed herself of her right or not. *Millard* v. *Brown,* 35 N. Y. 297 ; *Johnson* v. *Smith,* 64 Maine 553. This cause is before the court on a special bill of exceptions and only such proof is set out as is necessary to show the error complained of. *Bowers* v. *Ross,* 55 Miss. 213 ; *Jackson* v. *State,* 56 Miss. 311, 313 ; *Williamson* v. *State,* 59 Miss. 235. Then, looking to the fact that defendant was very drunk at the time of the alleged offense, was this instruction law ? If not, then, not having the whole case before it, this court will reverse. This is the only matter raised and before the court, and may be summed up in one question : Is the fact that the defendant was as drunk as possible an aggravation ?

*A. H. Whitfield,* for the appellee.

This is an attempt to bring up a case on a special bill of exceptions. Where exception is taken to an instruction but the bill fails to set out the evidence on which the charge was based, a reversal cannot be had unless the charge is erroneous in every conceivable state of facts. *Bowers* v. *Ross,* 55 Miss. 213. Without knowing the circumstances of the assault, this court cannot say whether drunkenness was an aggravation, or whether the damages were vindictive or compensatory. Immediate consequences of some injuries exceed nine hundred and fifty dollars in value. If the facts in the opinion in this case, *Barbee* v. *Reese,* 60 Miss. 906, be adopted, the appellee's charge is not only proper, but was on that appeal approved by this court. An expression in the opposing counsel's brief indicates that the plaintiff proved drunkenness. Not so ; it was offered by the defendant as an excuse. In this view the charge must be considered. Authorities cited by the appellant's counsel, with those to which they lead, disclose the law upon this subject. Cooley says that intoxication is no excuse for a tort, and the instance in which he suggests that it may be a palliation is slander, whereas he says the utterances of a drunken man would have little weight. Cooley on Torts 114. An assault is a different matter, for the fact that a man has deprived himself of reason and discretion makes him a more dangerous assailant. *McKee* v. *Ingalls,* 5 Ill. 30; *Reed* v. *Harper,* 25 Iowa 87. It is safe to say that intoxication is no excuse for an assault, but an element of aggravation.

CHALMERS, J., delivered the opinion of the court.

This case was heretofore before us and will be found with the facts briefly stated in 60 Miss. 906. The case has here been tried the second time in the court below, and has resulted in a verdict of nine hundred and seventy-six dollars for the plaintiff, from which the defendant appeals. The only assignment of error presented is to the action of the court below in instructing the jury that drunkenness of the defendant at the time of the commission of the assault was no defense against the action for damages, but was "an element aggravating said assault." The addition of the words, "an

element aggravating said assault," it is insisted, was erroneous, since as the defendant would have been fully liable for his acts if sober, he could not be more so if drunk. The language of the instruction is to be found in many text-books, but their use in criminal cases is censured, and we think properly so, in *McIntyre* v. *People*, 38 Ill. 514, and other cases. Larceny is larceny, and manslaughter is manslaughter, whether committed by a sober or drunken man, and the one offense cannot be raised to robbery nor the other to murder by the fact of the intoxication of the guilty person. We have found no case adjudicating the point in a civil case except as to actions of slander, as to which the authorities differ (see Townshend on Slander and Libel, § 249), but we think the instruction was certainly correct under the facts of this case. Here a pregnant woman was advanced upon by a drunken man, pointing a drawn pistol at her and threatening to shoot. The terror into which she was thereby thrown was undoubtedly increased, and the disastrous consequences which thereupon ensued perhaps renderd more inevitable, by reason of the intoxicated condition of her assailant, since that condition of itself was well calculated to increase her terror. It was fitting, therefore, that the jury should be told that the intoxication was an aggravation of the tort.

*Judgment affirmed.*