## LINDA BARBEE v. M. C. REESE.

1. DAMAGES. *Injuries to pregnant woman. Violent demonstrations of drunken man. Case in judgment.*

While B., a married woman, far advanced in pregnancy, was sitting quietly in her house, near an open window, R. in a state of intoxication approached her, cursing and threatening to shoot her, and entered her house, still continuing his curses and threats. B.'s husband being absent she became frightened and fled from her home. In her flight she climbed, and jumped or fell from, a fence. Three days afterwards she was delivered, at great danger to her life

and after excruciating suffering, of a dead child. Subsequently she brought an action against B. to recover damages for the injuries alleged to have been produced by his conduct. The evidence showed, almost beyond doubt, that the premature delivery ana death of the fœtus were the results of B.'s demonstrations against the plaintiff. The jury rendered a verdict for the defendant, and the court below refused to set it aside. *Held,* that the verdict was wrong and did great injustice to the plaintiff.

2. SAME. *Measure thereof. Whether nominal or not.*
   In the case above stated the plaintiff is entitled to recover much more than nominal damages.

APPEAL from the Circuit Court of Yalobusha County.

Hon. W. S. FEATHERSTON, Judge.

The case is stated in the opinion of the court.

*Fitz-Gerald & Whitfield,* for the appellant.

1. The record shows a clear case of tort of the most outrageous character possible, without defence, mitigation, or justification. Wherever a tort is clearly established, and the proof discloses no legal excuse or justification, the right to a recovery is absolute—some damages, if only nominal, are compelled to be awarded. 1 Sutherland on Dam. 10, 11, 12, 162.

2. It is not necessary in the case of a tort unjustified by the proof, to show any actual damage, in order to recover. 1 Sutherland on Dam. 9, 13, 15, and particularly p. 162. See also *Allison* v. *Chandler,* 11 Mich. 552, *Guille* v. *Swan,* 19 Johns. 381; *Cate* v. *Cate,* 50, N. H. 144; 1 Waterman on Tres., sect. 13; Cooley on Torts, 64, 65.

3. But the appellant does not come asking for actual damages only, she asks the imposition, by way of punishment, of such exemplary damages as shall for the future deter such ruffians from the commission of such outrages. And if the proof in this record does not establish the wilfulness, malice, and oppression warranting their imposition, we confess we never expect to see or hear of a case wherein it would be proper to impose such damages. *Storm* v. *Green,* 51 Miss. 103; *Whitfield* v. *Whitfield,* 40 Miss. 352; *Bell* v.

*Morrison*, 5 Ohio, 68 ; Cooley on Torts, 64, *et seq.* ; 1 Water-
man on Tres., sect. 115.

4. It is wholly immaterial whether appellee intended to do
the injury or not. Intent in no way bars the recovery.
1 Waterman on Tres., sects. 14, 15, 16. The case of
*Guille* v. *Swan*, 19 Johns. 381 (the balloon case) is the
strongest possible presentation of this rule. Cooley on
Torts, 688, and 1 Sutherland on Dam., 159 — "the right
of recovery is wholly independent of the motive which
induced the act," and 162, and p. 19, "A defendant is con-
clusively presumed to have contemplated the damages which
result directly and necessarily or naturally from his breach
of contract, and in cases of tort his responsibility to this
extent is absolute."

*R. H. Golladay*, for the appellee.

1. A new trial will not be granted to enable plaintiff to re-
cover nominal damages. *Briggs* v. *Morse*, 42 Conn. 260 ;
*Cook* v. *Barr*, 39 Conn. 306 ; *Gold* v. *Ives*, 29 Conn. 123.
In Mississippi a judgment for nominal damages only does not
entitle plaintiffs to recover costs. Code 1880, sect. 2376.
*Brantingham* v. *Fay*, 1 Johns. Cas. (2d ed.) 264, and note
a ; *Malin* v. *Brown*, 3 Id. 566 ; *Hyatt* v. *Wood*, 3 Johns.
240 ; *Fleming* v. *Gilbert*, Id. 532, 533 ; *Rundell* v. *Butler*, 10
Wend. 122 (Savage, Ch. J., libel suit) ; *Derendorf* v. *West*,
42 Barb. 229, 230 ; *Stevens* v. *Wider*, 31 N. Y. 351 ; *Hibbard*
v. *West. U. Tel. Co.*, 33 Wis. 558 ; *Jones* v. *King*, Id. 422.
Omission to assess nominal damages on a mere technical right
to recovery, is not ground for new trial, if the recovery of
such damages is not necessary for the establishment of a per-
manent right. *Wilson* v. *Van Meter*, 43 Iowa, 76 ; 1 Gilm.
544.

2. Punitory, vindictive, exemplary damages, where allow-
able, cannot be claimed as matter of right. Whether they
shall be allowed rests in the discretion of the jury. 1 Suther-
land on Dam. 742.

3. An injury, to be actionable, must proceed from and be caused by a wrongful act of defendant. Mr. Greenleaf says: "The damage to be recovered must always be the natural and proximate consequence of the act complained of." 2 Greenl. on Ev., sect. 256.

COOPER, J., delivered the opinion of the court.

In April, 1881, the appellant, a married woman, far advanced in pregnancy, while quietly sitting in her home near an open window fronting the public street, was assaulted by the appellee, who was in a state of intoxication, and who with a drawn pistol advanced across the street cursing and threatening to shoot the appellant, and came into appellant's house, cursing and threatening to shoot her. The husband of appellant was absent at this time, and being unprotected she fled from home to escape the threatened danger. In the hurry of her flight she climbed a fence inclosing her home and in getting down on the opposite side, jumped or fell a distance of some three feet. Three days afterwards she was delivered, at great danger of her life and after long and excruciating suffering of a dead child, which from the testimony of the attending physician had been dead two or three days. The fœtus was alive after the assault by the appellee, and the evidence leaves scarcely a doubt that it was killed by the fright or exertion of the mother caused by the attack upon her. This is a suit brought by the woman to recover damages from her assailant, and the cause having been submitted to a jury under instructions correctly announcing the law, resulted in a verdict in favor of the defendant. It is urged by counsel for the appellee that the verdict ought not to be disturbed because we cannot say that the appellant will in any event recover more than nominal damages.

The reply is that on the evidence now before us she ought to recover a far greater amount, what that amount may be is uncertain, because of the injuries inflicted ; but we must pre-

sume that it will be proportionate to the damage, in which case it must be by no means a nominal recovery. It is apparent that injustice has been done and that appellant is entitled to a new trial.

The judgment is reversed.