(32 Misc. Rep. 666.)

### PRINCE v. RIDGE.

(Supreme Court, Trial Term, Queens County. November, 1900.)

1. ASSAULT—WHAT CONSTITUTES—MERE WORDS NOT SUFFICIENT.

    An attempt by words of persuasion to induce a female to have sexual intercourse does not constitute an assault.

2. SAME—COMPLAINT.

    A complaint based on the assumption that certain language constituted an assault, which incidentally alleges that defendant took hold of plaintiff's arm, and stated that he wished to speak to her, and she stepped aside, where the conversation complained of occurred, does not set forth an assault and battery.

Action for assault by Jennie Prince against William N. Ridge. Judgment dismissing the complaint for failing to state a cause of action, and the plaintiff makes a motion for a new trial. Denied.

George Wallace, for plaintiff.

Percy L. Klock and A. N. Weller, for defendant.

GAYNOR, J. Blackstone defines an "assault" as "an attempt or offer to beat another, without touching him: as if one lifts up his cane or his fist in a threatening manner at another; or strikes at him but misses him"; and says that it is a trespass for which a man shall have an action to recover damages. 3 Bl. Comm. p. 120. Though not a complete definition, it may be, this gives a sufficient illustration of the nature of an assault; but the point is that an action for damages lies therefor. Though there be no battery, and therefore no physical hurt, still the law allows the jury to assess damages for the insult and indignity, and the hurt to the feelings and the mental suffering and the fright caused by the assault. Lewis v. Hoover, 3 Blackf. 407; Newell v. Whitcher, 53 Vt. 589; Leach v. Leach, 11 Tex. Civ. App. 699, 33 S. W. 703; Barbee v. Reese, 60 Miss. 906. In the case of mere neglegence the law does not permit damages for mere fright or mental suffering, there being no physical injury

(Mitchell v. Railway Co., 151 N. Y. 107, 45 N. E. 354, 34 L. R. A. 781); but in the case of wanton or intentional wrongs against the person the rule is different (Spade v. Railroad Co., 168 Mass. 285, 47 N. E. 88, 38 L. R. A. 512).

The trouble at the trial was that the complaint did not seem to allege and be based on an assault; and now after more critically reading it that seems to me the correct view.  It is a recital of an alleged effort of the defendant ·by words of persuasion alone to induce the plaintiff to grant him the favor of sexual intercourse with her.   Mere words cannot amount to an assault.   Bac. Abr. "Assault and Battery."  No physical menace against the body of the plaintiff is alleged.   In all the cases cited for the plaintiff there was such a menace, or else an actual battery.

I do not understand that it is claimed that the complaint is for a battery, nor is it.   It is true that it does in one place say, but only casually, as it seems to me, and without laying any stress on it, or calling it unlawful or wrongful, or a battery, or in any way indicating it as the cause of action, that the defendant "took hold of the plaintiff's arm as she was about to get on a car and said he wanted to see her";  to which is added "that plaintiff assuming defendant had further remarks to make to her concerning her mother's business affairs" (about which they had been conversing just previously) "stepped aside to speak to him"; and when the allegation of damage is reached we do not find the usual allegation of damages for any wrongful battery or physical injury, but only that by his acts and words the defendant caused "great shame, injury and suffering to the plaintiff."  This seems to fairly exclude any idea of damages for a battery.   The learned counsel for the plaintiff could not say anything more favorable of it on that head than that it is ambiguous.   If the plaintiff wants to sue for an assault and battery, or for either, it would be easy to draw a complaint therefor.   The defendant cannot be required to accept the interpretation of an obscure or ambiguous complaint which is unfavorable to him.   The everyday rule is the other way.   This so-called complaint bears no resemblance to a complaint for a wrongful battery.   It is either a complaint for the words of illicit solicitation of the plaintiff, or else a mere unscientific rigmarole.   Our Code of Practice intended to simplify our pleadings, it is true, but not to degrade them.   Something is still due to precedent and order, and also (which is no small consideration and safeguard to the community) to a learned profession.

The motion for a new trial is denied.