# GREAT ATLANTIC & PACIFIC TEA COMPANY *v.* SOPHIA ROCH.
[No. 50, October Term, 1930.]

*Decided January 14th, 1931.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and SLOAN, JJ.

*Daniel S. Sullivan,* with whom was *James O. Scrimger* on the brief, for the appellant.

*Edwin T. Dickerson* and *Max Sokol,* for the appellee.

SLOAN, J., delivered the opinion of the Court.

The appellee, Sophia Roch, brought suit against the appellant, the Great Atlantic & Pacific Tea Company, and secured a verdict against it for certain wrongs alleged to have been committed against her by the manager of one of the appellant's grocery stores, located on the Belair Road in Baltimore.

The declaration, after describing the nature of the appellant's business and stating that the appellee was one of its customers, went on to say: "On or about the 12th day of July 1929, the defendant, through a certain Mr. West, its agent, servant and employee and manager of said store premises, caused a package to be prepared in said store premises for delivery to the said plaintiff and caused the delivery boy employed by the said defendant in said store premises to deliver said package to the plaintiff; that under the explicit in-

structions of the said manager of the said defendant's store the said delivery boy handed said package to the plaintiff at the entrance of her dwelling, 3219 Belair Road, in the City of Baltimore, State of Maryland, and under and by virtue of the explicit directions of the said manager of the said defendant's store, said delivery boy said to the plaintiff then and there, 'Mr. West said you had better open it while I am here'; that the plaintiff then and there opened said package and then and there in said package the plaintiff saw a dead rat; as a result thereof the plaintiff became very sick and ill in body and mind, fainted and fell with great force to the floor, and as a result thereof her nervous system suffered and still is suffering excruciating physical pain and mental anguish and other injuries were then and there sustained by her, and the plaintiff says that her said injuries were caused by reason of the careless, reckless and negligent act of the defendant, its agents, servants and employees in the premises, in preparing the package aforesaid, causing the same to be delivered to the plaintiff in the manner and form hereinbefore set forth."

The defendant (appellant) demurred to the declaration, and, its demurrer having been overruled, it pleaded over, and the trial proceeded to a verdict for the plaintiff (appellee).

The rights of the defendant on the demurrer, being preserved on appeal (Code, art. 75, sec. 10), the sufficiency of the declaration will receive first consideration here, and that without regard to the facts presented in evidence, as the evidence cannot be availed of to supply omissions or correct defects in a declaration.

The declaration as drawn presents a case against the defendant, popularly known as the "A and P. Store" for injuries sustained by the plaintiff as a result of a practical joke perpetrated by it. Under the decisions of this court damages may be recovered for physical injuries caused by fright or shock. *Baltimore City Passenger Ry. Co. v. Kemp,* 61 Md. 80; *Green v. Shoemaker,* 111 Md. 69, 73 A. 688; *Baltimore & O. R. Co. v. Harris,* 121 Md. 254, 88 A. 282; *Patapsco Loan Co. v. Hobbs,* 129 Md. 9, 98 A. 239; *Boh-*

*len's Studies in the Law of Torts,* 288-290. The declaration as drawn is in accord with the cases cited, and the demurrer was properly overruled.

There was no evidence to support the facts alleged in the declaration as against the defendant and employer, and, if there had been a variance prayer for an instructed verdict for the defendant on the ground that no legally sufficient evidence had been offered to support the allegations contained in the declaration, the trial court should and would have granted it, and the plaintiff would have been obliged to submit to a verdict against her, to have *non prossed* her case, or to have amended her declaration to conform with the legally sufficient facts in evidence.

There was evidence from which the jury might have found, as they did, that the plaintiff had ordered and expected to receive from the defendant a loaf of bread, and that in sending the bread to her home the defendant's manager, in the performance of his duty while acting within the scope of his employment, had carelessly and negligently performed his duty in substituting by mistake the dead rat for the loaf of bread, and that when the plaintiff opened the package containing the dead rat the sight of it so frightened and shocked her that she became a "nervous wreck." The evidence was so contradictory that any verdict would have had ample evidence to support it, but it is not the province of this court to express an opinion as to the weight of the evidence.

The rule, as stated in *Cate v. Schaum,* 51 Md. 299, 308, is that "the master is responsible for the wrongful acts of his servant, even though they be wilful, or reckless, if the act done by the servant be within the scope of his employment, and in furtherance of his master's business." And as expressed in *Evans v. Davidson,* 53 Md. 245, 249 : "If the servant be acting at the time in the course of his master's service and for his master's benefit, within the scope of his employment, then his act, though wrongful or negligent, is to be treated as that of the master, although no express command or privity of the master be shown." See *Consolidated Ry. Co. v. Pierce,* 89 Md. 495, 502, 43 A. 940.

For the reasons herein stated we find no error in the refusal of the defendant's prayers for a directed verdict in its favor, either on the question of the legal sufficiency of all the evidence or that the defendant's manager was not acting within the scope of his employment.

The appellant insists in its brief, and it was ably and forcibly argued, that *Carroll v. Hillendale Golf Club,* 156 Md. 542, 144 A. 693, is decisive of this case. If the evidence in the instant case had not exceeded the bounds of the declaration, the same principle would have controlled in both cases, and that is, as *Pollock* (quoting Baron Parke) expresses it, each servant would have been engaged in a "frolic of his own," for which the master would not have been responsible. All of the evidence which fits the declaration makes of the incident a practical joke perpetrated by West, the manager, for which the defendant could not have been held. What made this case different from *Carroll v. Hillendale Golf Club* was the testimony of the plaintiff's husband that West said to him shortly after the boy delivered the package: "I am sorry, Mr. Roch, I made a mistake. I sent your wife the wrong package"; which was substantially the same statement made to her mother. If this admission had not gotten into the case there would have been nothing to tie the act complained of to the defendant.

The exception to all rulings on the prayers adverse to the defendant included the granting of the plaintiff's only (damage) prayer, which was not discussed in the brief. It was the form repeatedly approved by this court, and is here again approved.

*Judgment affirmed, with costs.*