272 P.2d 349

**SAVAGE v. BOIES et al.**

**No. 5851.**

Supreme Court of Arizona.

June 28, 1954.

------

Marshall Haislip, Phoenix, for appellant.

Wm. P. Mahoney, Jr., County Atty., and James J. Caretto, Deputy County Atty., Phoenix, for appellees L. C. Boies, Leslie Lavar Johnston, Edward Hext Bayliss and Globe Indemnity Co.

Anthony T. Deddens, Phoenix, for appellee National Surety Corp.

WINDES, Justice.

The litigation herein involves the correctness of the trial court in directing a verdict for defendants at the close of plaintiff's evidence. The plaintiff, appellant herein, filed suit against L. C. Boies, Sheriff of Maricopa County, Leslie Lavar Johnston, Edward Hext Bayliss, deputies sheriff, and their respective bondsmen, National Surety Corporation and Globe Indemnity Company, charging in effect false arrest and unlawful imprisonment accomplished by the said deputies' false representation to plaintiff that her child had been injured in an automobile accident and a request she accompany them to the hospital. The complaint states that upon arrival at the hospital they advised her that the child had not been injured and that they caused her to be imprisoned in the psychopathic ward; that immediately thereafter a woman nurse and man disrobed her and administered certain medicines hypodermically; that the arresting officers did not make known to the plaintiff they possessed a warrant or other lawful process and that neither of said officers ever made return to the court of any process. Complaint also alleges resulting humiliation, embarrassment and mental anguish and prays for damages.

Following judgment for the defendants upon a directed verdict in their favor, the plaintiff submits the case to us with the contention that the court erred for the following reasons: (1) The evidence shows the arresting officers possessed no warrant or process and made no return of process. (2) The false statements alleged in the complaint resulted in emotional upset. (3) The defendants stood by while she was being disrobed.

The undisputed evidence indicates that prior to the arrest the Honorable Renz L. Jennings, Judge of the Superior Court of Maricopa County, signed an order directed to the sheriff reciting that a petition had been filed in his court from which it appeared the plaintiff was mentally ill, that she required emergency apprehension and that an examination should be made to determine the character of treatment or restraint necessary, if any, and commanding that plaintiff be detained in the County Hospital pending further order of the court.

Under our statutes when a petition is filed from which it appears to the satisfaction of a judge of the superior court that a person is mentally ill and in need of care and restraint, the judge shall make such orders as are necessary for the apprehension and safekeeping of such person pending hearing and at least two days before the time fixed for the hearing, a copy of the petition and order shall be served upon the alleged ill person. The statute also provides that the officer shall, pursuant to the order for detention, apprehend the person and cause him to be delivered to the place designated in the order until a hearing can be had, and that the officer shall take proper precautions with respect to the personal property in possession of the detained person and furnish the court an itemized report of such property and having done so, the responsibility of the officer shall terminate. Laws 1951, chapter 14, sections 1 and 2, sections 8–303, 8–304 and 8–305, 1952 Cumulative Supplement, A.C.A. 1939.

■ The order of the court having been made directing the sheriff to detain the plaintiff, the officers were required by law to arrest and detain the plaintiff as directed and, of course, were fully protected from liability for so doing. The statute does not require that the officer possess a warrant or make return and a failure thereof does not subject the officer to damages for unlawful arrest.

Plaintiff claims that the complaint alleges and the evidence shows a tort independent of unlawful arrest in that the officers falsely represented the injury of plaintiff's child and after delivery to the hospital stood by while her personal privacy was violated by the hospital attendants, thereby causing her emotional upset, distress and humiliation. There is neither allegation nor evidence that the plaintiff suffered any physical harm as a result of her claimed emotional distress.

■ It appears from the testimony of plaintiff, which we must assume to be true, that she was the mother of a seven-months-old baby, and that due to domestic difficulties, the husband had taken it from her and she was as a result thereof worrying about any accident happening to the child. She further testified the arresting officers came to the home of one Mrs. Schaffer where plaintiff was visiting and one of them told her: "Well, Mrs. Savage, we are awfully sorry, but your baby and husband are both at the county hospital, and they have been critically injured in a car accident." She also related that as a result of this she went all to pieces and was very much upset; that the officers invited her to go with them to the hospital; that upon arrival she discovered the child was not there and one of the officers told her; "We just had to tell you that in order to get you down here."

Defendants contend that there is no tort alleged and proven against the officers for the reason that there is neither allegation nor evidence that any physical harm resulted from the claimed fraud. Reliance is placed upon the Restatement of the Law,

Torts, sections 306, 312 and 313, which do tend to support the proposition that no tort is committed in the absence of a resulting physical harm; that emotional distress alone is an insufficient basis for recovery. These sections treat the tort of negligently causing such upset.

■ In accordance with the trend of modern decisions, the Restatement of the Law has changed the rule where one intentionally causes another severe emotional distress so that the present rule allows recovery for such conduct even in the absence of a resulting physical harm. Restatement of the Law, 1948 Supplement, Torts, section 46. In determining whether one's conduct amounts to intentionally causing severe emotional disturbance, comment (a) of section 46, supra, furnishes this test:

"An intention to cause severe emotional distress exists when the act is done for the purpose of causing the distress or with knowledge on the part of the actor that severe emotional distress is substantially certain to be produced by his conduct."

In giving the reason for the change in the rule, the American Law Institute states (1948 Supplement, supra, page 616):

"The change in Section 46 is necessary in order to give an accurate Restatement of the present American law. There is a definite trend today in the United States to give an increasing amount of protection to the interest in freedom from emotional distress."

It will be noticed that under the rule, the distress must be severe. Under comment (f) of said section 46, it is said that the tendency and duration of the disturbance are among the factors to be considered in determining its severity. We think that in the event the jury believed plaintiff's testimony concerning the false story and believed it resulted in emotional distress, then it became the jury's province under the evidence to decide whether there was the requisite degree of emotional disturbance to place it in the category of severity that would warrant recovery.

■ Our view is that when an officer in accomplishing an arrest falsely represents to a mother that her seven-months-old child is in the hospital as a result of critical injuries suffered in an automobile accident, a jury would be justified in finding that emotional distress as that term is used in section 46, supra, is substantially certain to be produced by such conduct. Therefore, the question of whether it did in fact cause emotional distress to appellant and whether it was of such severity as to entitle appellant to damages should have been submitted to the jury.

■ The officers are charged with having stood by after the plaintiff was delivered to the custody of the hospital while her privacy was invaded. The defendant officers' duties were terminated so far as the detention of the plaintiff was concerned when she was delivered to the care of the hospital and any alleged humiliation or distress resulting from the conduct of the

hospital attendants thereafter is their responsibility and not that of the officers. Consequently, any damage, if any, resulting from this conduct cannot be charged to the defendants.

The arrest and detention being legal, the only possible damage, if any, for which plaintiff could recover would be for that emotional disturbance which was a direct result of the alleged misrepresentation and could not include damages for distress or embarrassment resulting from the alleged acts of the hospital personnel.

Reversed for new trial.

PHELPS, C. J., and STANFORD, LA PRADE and UDALL, JJ., concur.