Walter R. Hart, J.
On the argument of, this motion it was agreed that it was to be deemed a motion to dismiss the complaint for insufficiency.
The complaint alleges that on April 6, 1958 the plaintiff received a letter from defendant stating he desired to make her acquaintance and requesting her to meet him at a time and place designated therein. Plaintiff ignored this letter. On April 8, 1958 he phoned her and requested that she meet him for immoral purposes. She thereupon contacted the police. On April 13, 1958 he mailed to her photographs of himself with his private parts exposed and thereafter phoned her again, suggesting she meet him for immoral purposes. During the same week he again phoned her and on the advice of the police she agreed to meet him on April 18, 1958 in the lobby of the St. Greorge Hotel, where she in fact did meet him, at which time he was taken into custody by the police. As a result of these events defendant was tried in the Court of Special Sessions for violating section 1141 of the Penal Law and pleaded guilty to the charge of attempting to show obscene prints. He was fined $100 and given a three months’ suspended sentence in the Workhouse.
Plaintiff further alleges that she did not solicit or encourage defendant to ‘ ‘ perpetrate the unlawful, wilful or malicious trespass of her person, character and reputation,” that as a result of defendant’s act she was brought to public disgrace, her reputation damaged and she was caused to suffer humiliation, mental, nervous and bodily distress, as a result of which she was forced to abstain herself from her usual vocation.
Defendant, to sustain his claim that the complaint is insufficient, cites the case of Prince v. Ridge (32 Misc. 666), where the court held that the illicit solicitation of sexual intercourse was not actionable on the theory that damages from mental suffering, unaccompanied by physical injuries, were not compensable. The holding in that case conforms with those in some other jurisdictions. Prosser in his Law of Torts slates ([2d ed.], p. 45): “ Thus far it has been held that no action will lie for the insult involved in inviting a woman to illicit intercourse” (citing cases) and then, quoting from Harvard Law Review (Vol. 49, pp. 1033, 1055), “ the view being, apparently that there is no harm in asking.” There are, however, authorities to the contrary. (See cases collated in 1936 Report of N. Y. Law Rev. Comm., p. 437.)
*108 Here, however, there is more álleged than the mere solicitation of illicit intercourse — which was not a single isolated incident. There is alleged in the complaint the sending to plaintiff of a photograph of defendant with his private parts exposed. A jury under all of the circumstances in this case could find defendant’s conduct so shocking that plaintiff, as alleged, suffered severe emotional disturbance and resulting physical injuries for which defendant would be liable. The applicable rule is set forth in section 46 of the 1948 Supplement to the Restatement of the Law of Torts, as follows: “ One who, without a privilege’to do so, intentionally causes severe emotional distress to another is liable (a) for such emotional distress, and (b) for bodily harm resulting from it.” Applicable to the facts alleged in this action is the statement in comment g of the rule: “In short, the rule stated in this section imposes liability for intentionally causing severe emotional distress in those situations in which the actor’s conduct has gone beyond all reasonable bounds of decency. The prohibited conduct is conduct which in the eyes of decent men and women in a civilized community is considered outrageous and intolerable. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor and lead him to exclaim ‘ Outrageous! ’ ” (See, also, 37 Mich. L. Rev. 874.)
It will accordingly be for the trier of the facts to determine whether the conduct of defendant was “ outrageous ” and whether in fact it was the proximate cause of the mental disturbance and physical injuries claimed by her.
The basic concept of the Prince case (32 Misc. 666, supra), cited by defendant, is faulty. The immunity from liability for damages caused by emotional disturbance unassociated with physical injuries, as illustrated by Mitchell v. Rochester Ry. Co. (151 N. Y. 107), has been strictly limited to negligence actions and does not apply to cases of willful tort. This rule of law is brought sharply into focus by the opinion of Mr. Justice Kapper in Beck v. Libraro (220 App. Div. 547, 548-549): “Ignoring the allegation of assault, the other acts charged in the complaint are sufficient to constitute a cause of action, in my opinion. The defendant relies on the well-known case of Mitchell v. Rochester Railway Co. (151 N. Y. 107), where it was held that a recovery of damages may not be had for injury sustained by fright occasioned by the negligence of another where there is no immediate personal injury. * * * That case obviously was one of negligence, in the want of ordinary prudence as ordinarily understood and accepted in law, and *109 involved no element of wantonness or willfulness. Here, however, there is a great deal more. The defendant’s act of shooting this gun through the lighted windows of plaintiff’s apartment was so wanton, reckless, and mischievous as to constitute an apparent disregard of human safety. * * *
We have held (Preiser v. Wielandt, 48 App. Div. 569, 572) that the doctrine of the Mitchell case (supra) applies only to actions based on negligence and not to cases of willful tort; and that where the defendant’s act was in and of itself wrongful, the fact that the injury started in fright is not a ground for denying a recovery of damages. Our decision in the case cited was followed by the First Department in Williams v. Underhill (63 App. Div. 223, 226).”
There is a wealth of authority for the principle that a defendant is liable for the mental and emotional consequences of his willful act. (See reprint of “ Intentional Infliction of Harm ” from Va. L. Rev., editorial p., N. Y. L. J., Jan. 24, 1952; 1936 Report N. Y. Law Rev. Comm., p. 435 et seq.) Actual intent to cause emotional disturbance is not necessary since the willful wrongdoer may be charged with the duty of foreseeing the mental and emotional consequences that would naturally flow from his conduct (Bergman v. Rubenfeld, 66 N. Y. S. 2d 895; see authorities collated 1936 Report N. Y. LaAv Rev. Comm., p. 438).
Moreover, there appears to be a receding from the principle of immunity for liability from injuries resulting from emotional disturbance unaccompanied by physical contact even in the field of negligence. This is evidenced by the opinion of the court in the famous “ cancerophobia ” case of Ferrara v. Galluchio (5 N Y 2d 16), where the court stated (p. 21): “ Freedom from mental disturbance is noAV a protected interest in this State. ‘ [T]he only valid objection against recovery for mental injury is the danger of vexatious suits and fictitious claims, Avhich has loomed very large in the opinions as an obstacle. The danger is a real one, and must be met. Mental disturbance is easily simulated, and courts which are plagued with fraudulent personal injury claims may well be unwilling to open the- door to an even more dubious field. But the difficulty is not insuperable. Not only.fright and shock, but other kinds of mental injury are marked by definite physical symptoms, which are capable of clear medical proof. It is entirely possible to allow recovery only upon satisfactory evidence and deny it when there is nothing to corroborate the claim, or to look for some guarantee of genuineness in the circumstances of the case. The problem is one of adequate proof, and it is not necessary to deny a *110 remedy in all cases because some claims may be false. The very clear tendency of the recent cases is to refuse to admit incompetence to deal with such a problem, and to find some basis for redress in a proper case.’ (Prosser on Torts, § 34, pp. 212-213.) ”
It must be recalled that the philosophy underlying the ruling in Mitchell was the danger of vexatious suits and fictitious claims. This has been repudiated as the basis for denying relief in Ferrara.
Accordingly, the motion is denied. Defendant may answer within 20 days after service of a copy of the order with notice of entry. Submit order.