358 P.2d 344

**Marcia G. SAMMS, Plaintiff and Appellant,**

**v.**

**David ECCLES, Defendant and Respondent.**

**No. 9235.**

Supreme Court of Utah.

Jan. 10, 1961.

Callister and Henriod, JJ., dissented.

Victor A. Spencer, Salt Lake City, for appellant.

Sumner J. Hatch, Ray S. McCarty, Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiff Marcia G. Samms sought to recover damages from David Eccles for injury resulting from severe emotional distress she claims to have suffered because he persistently annoyed her with indecent proposals.

The parties presented their respective contentions to the court at pretrial. The court entered a pretrial order noting that, "plaintiff bases her cause of action on * * the infliction of severe emotional distress by wilful and wanton conduct of an outrageous and intolerable nature," and dismissed the action upon the ground that plaintiff had shown no basis upon which relief could be granted. She appeals.

Plaintiff alleged that she is a respectable married woman; that she has never encouraged the defendant's attentions in any way but has repulsed them; that all during the time from May to December, 1957, the defendant repeatedly and persistently called her by phone at various hours including late at night, soliciting her to have illicit sexual relations with him; and that on one occasion came to her residence in connection with such a solicitation and made an indecent exposure of his person. She charges that she regarded his proposals as insulting, indecent and obscene; that her feelings were deeply wounded; and that as a result thereof she suffered great anxiety and fear for her personal safety and severe emotional distress for which she asks $1,500 as actual, and a like amount as punitive, damages.

A motion for summary judgment is in effect a demurrer to the claims of the plaintiff, saying: assuming they are true, no right to recover is shown. It is regarded as a harsh measure which the courts are reluctant to sanction because it deprives

the adverse party of an opportunity to present the evidence concerning her grievance for adjudication. For this reason plaintiff's contentions must be considered in the light most to her advantage and all doubts resolved in favor of permitting her to go to trial; and only if when the whole matter is so viewed, she could, nevertheless, establish no right to recovery, should the motion be granted.[1]

Due to the highly subjective and volatile nature of emotional distress and the variability of its causations, the courts have historically been wary of dangers in opening the door to recovery therefor. This is partly because such claims may easily be fabricated: or as sometimes stated, are easy to assert and hard to defend against. They have, therefore, been reluctant to allow such a right of action unless the emotional distress was suffered as a result of some other overt tort. Nevertheless, recognizing the reality of such injuries and the injustice of permitting them to go unrequited, in many cases courts have strained to find the other tort as a peg upon which to hang the right of recovery.

Some of these have been unrealistic, or even flimsy.[2] For instance, a technical battery was found where an insurance adjuster derisively tossed a coin on the bed of a woman who was in a hospital with a heart condition, and because of this tort she was allowed to recover for distress caused by his other attempts at intimidation in accusing her of gold-bricking and attempting to defraud his company;[3] courts have also dealt with trespass where hotel employees have invaded rooms occupied by married couples and imputed to them immoral conduct;[4] and other similar torts have been used as a basis for such recovery.[5] But a realistic analysis of many of these cases will show that the recognized tort is but incidental and that the real basis of recovery is the outraged feelings and emotional distress resulting from some aggravated conduct of the defendant. The lengths to which courts have gone to find a basis for allowing such recoveries serves to emphasize their realization that justice demands that grossly wrong conduct which causes such an injury to another should be held accountable.

1. See Morris v. Farnsworth Motel, 123 Utah 289, 259 P.2d 297.
2. For a recent general discussion of the history and development of such actions see, Intentional Infliction of Mental Suffering, 25 NACCA Law Journal 116.
3. Interstate Life & Acc. Ins. Co., v. Brewer, 56 Ga.App. 599, 193 S.E. 458.
4. Boyce v. Greeley Square Hotel Co., 228 N.Y. 106, 126 N.E. 647; DeWolf v. Ford, 193 N.Y. 397, 86 N.E. 527, 21 L.R.A., N.S., 860.
5. See Craker v. Chicago & N. W. Ry., 36 Wis. 657; Talcott v. National Exhibition Co., 144 App.Div. 337, 128 N.Y.S. 1059; Burton v. Crowell Publishing Co., 2 Cir., 1936, 82 F.2d 154.

In recent years courts have shown an increasing awareness of the necessity and justice of forthrightly recognizing the true basis for allowing recovery for such wrongs and of getting rid of the shibboleth that another tort peg is necessary to that purpose. Examples are: Great Atlantic & Pacific Tea Co. v. Roch,[6] injuries caused by shock where a grocery man included a dead rat in a package as a joke; Savage v. Boies,[7] distress caused by false representation that plaintiff's child had been injured in an automobile accident; Cohen v. Lion Products Co.,[8] distress to plaintiff's husband resulted from mandatory orders and charges of failure made to him as an employee by defendant's officers.

In LaSalle Extension University v. Fogarty,[9] upon defendant's refusal to pay plaintiff's demand, plaintiff sent threatening letters to the defendant, and to his neighbors and employer, for the purpose of harassing him into paying their claim, against which it ultimately proved he had a good defense. Recovery was allowed on his counterclaim for emotional distress thus wrongfully caused him. The court cited the Iowa case of Barnett v. Collection Service Co.[10] and quoted the rule which has come to be widely recognized that: " * *

where the act is willful or malicious, as distinguished from being merely negligent, that recovery may be had for mental pain, though no physical injury results."

A case closely analogous to the instant one where such recovery was allowed is the recently decided one of Mitran v. Williamson.[11] It holds that a complaint alleging that the defendant had repeatedly solicited plaintiff to have illicit intercourse and had sent obscene photographs of himself to her stated a cause of action.

Our court has dealt with a generally similar problem in the case of Jeppsen v. Jensen,[12] upon which the plaintiff places considerable reliance. The defendant had come into the Jeppsen home where the plaintiff was weak and ill from a recent childbirth. In a macabre scene the defendant used violent and abusive language and continually threatened the plaintiff's husband with a revolver which so terrified the plaintiff that she "fell into a swoon or faint, and was attacked by a nervous chill, * * * so that she became prostrated and was again confined to her bed for the greater part of two days." The trial court granted a nonsuit. Upon appeal, Justice Frick reviewed some pertinent authorities and

6. 160 Md. 189, 153 A. 22.
7. 77 Ariz. 355, 272 P.2d 349.
8. D.C.Mass., 177 F.Supp. 486.
9. 126 Neb. 457, 253 N.W. 424, 426, 91 A.L.R. 1491.

10. 214 Iowa 1303, 242 N.W. 25.
11. 21 Misc.2d 106, 197 N.Y.S.2d 689.
12. 47 Utah 536, 155 P. 429, L.R.A.1916D, 614.

quoted approvingly this language from Dunn v. Western Union Telegraph Co.: [13]

"While mental suffering, unaccompanied by injury to purse or person, affords no basis for an action predicated upon wrongful acts, merely negligent, yet such damages may be recovered in those cases where the plaintiff had suffered at the hands of the defendant a wanton, voluntary, or intentional wrong the natural result of which is the causation of mental suffering and wounded feelings."

The trial court's ruling was reversed and the cause remanded for a new trial because it could not be said as a matter of law that the defendant's conduct was not willful and wanton.

■ Our study of the authorities, and of the arguments advanced, convinces us that, conceding such a cause of action may not be based upon mere negligence, the best considered view recognizes an action for severe emotional distress, though not accompanied by bodily impact or physical injury, where the defendant intentionally engaged in some conduct toward the plaintiff, (a) with the purpose of inflicting emotional distress, or, (b) where any reasonable person would have known that such would result; and his actions are of such

a nature as to be considered outrageous and intolerable in that they offend against the generally accepted standards of decency and morality.[14] This test seems to be a more realistic safeguard against false claims than to insist upon finding some other attendant tort, which may be of minor character, or fictional.

■ It is further to be observed that the argument against allowing such an action because groundless charges may be made is not a good reason for denying recovery. If the right to recover for injury resulting from the wrongful conduct could be defeated whenever such dangers exist, many of the grievances the law deals with would be eliminated. That some claims may be spurious should not compel those who administer justice to shut their eyes to serious wrongs and let them go without being brought to account. It is the function of courts and juries to determine whether claims are valid or false. This responsibility should not be shunned merely because the task may be difficult to perform.

■ We quite agree with the idea that under usual circumstances the solicitation to sexual intercourse would not be actionable even though it may be offensive to the offeree. It seems to be a custom of long standing and one which in all likelihood

13. 2 Ga.App. 845, 59 S.E. 189.

14. See Sec. 46, 1948 Supplement to the Restatement of Torts.

will continue. The assumption is usually indulged that most solicitations occur under such conditions as to fall within the well-known phrase of Chief Judge Magruder that, "there is no harm in asking." [15] The Supreme Court of Kentucky in Reed v. Maley pertinently observed that an action will not lie in favor of a woman against a man who, without trespass or assault, makes such a request; and that the reverse is also true: that a man would have no right of action against a woman for such a solicitation.[16]

■ But the situations just described, where tolerance for the conduct referred to is indulged, are clearly distinguishable from the aggravated circumstances the plaintiff claims existed here. Even though her complaint may not flawlessly state such a cause of action, the facts were sufficiently disclosed that the case she proposes to prove could be found to fall within the requirements hereinabove discussed. Therefore, the trial court erred in dismissing the action.

Reversed. Costs to plaintiff (appellant).

WADE, C. J., and McDONOUGH, J., concur.

CALLISTER, Justice (dissenting).

I dissent. The opinion correctly states the law in cases of this nature. However, the complaint in the instant case is deficient and fails to state a cause of action. It fails to show that the defendant deliberately intended to injure the plaintiff by his unwelcome attentions, or that he knew or should have known that his conduct would result in severe emotional distress to the plaintiff. In fact, the plaintiff specifically alleges that "The defendant has wilfully, wantonly, and with intent to commit unlawful acts caused plaintiff severe emotional distress in the following particulars: Defendant has telephoned plaintiff late at night, and at other hours, upon at least 15 and possibly more than 25 separate occasions and has made statements and proposals to plaintiff of a highly insulting, obscene and indecent nature, *with the avowed purpose of inducing plaintiff to have illicit sexual relations with defendant* * * *." (Emphasis added)

The complaint only shows that the alleged conduct of the defendant amounted to a moral, rather than a legal or actionable, wrong.[1]

I would affirm the trial court.

HENRIOD, J., concurs in the dissenting opinion of Mr. Justice CALLISTER.

15. Magruder, Mental and Emotional Disturbance in the Law of Torts, 49 Harv. L.Rev. 1033, 1055.

16. 115 Ky. 816, 74 S.W. 1079, 62 L.R.A. 900.

1. Clack v. Thomason, 57 Ga.App. 253, 195 S.E. 218.