VICKY HALIO, Appellant, *v.* ELI M. LURIE, Respondent.

Second Department, December 4, 1961.

*Arnold Ostwald* of counsel (*Samuel J. Siegel,* attorney), for appellant.

*Isidore A. Seltzer* of counsel (*Phillip R. Leeds,* attorney), for respondent.

NOLAN, P. J.   The complaint, which has been dismissed for insufficiency, contains two causes of action.   The first is to recover damages for libel; the second is to recover damages for mental distress and resulting illness alleged to have been intentionally caused by the defendant.

In the first cause of action, it is alleged that the plaintiff, a native of Turkey, and a citizen of this country, is an unmarried young woman; that plaintiff and defendant had been keeping company for about two years with a view to their ultimate marriage; that while they were still doing so, defendant married another woman without plaintiff's knowledge, and concealed the marriage from the plaintiff, who discovered it only by accident; that the relations between the parties then ceased, and that defendant thereafter composed and mailed to plaintiff, in an envelope addressed to *Mrs.* Vicky Halio, a communication in verse entitled '' An Ode to Vicky '' in which he referred to her

as " The tortured Turk," taunted her with her unsuccessful efforts to marry him, intimated that she had made a false claim that he was under an obligation to marry her, declared that he had avoided marriage to her because he was " wise to *her* game," and expressed the view that through the coming years she would be the object of derision and the subject of amusement, on the part of his wife and himself, by reason of her " phone calls galore " (presumably to complain that she had not accomplished her purpose to marry him).

It is further alleged that defendant expected and intended that said missive would cause plaintiff to suffer anguish and emotional shock; that it would produce tears and excitement on her part, and other signs of exceptional distress; that it would be received on a Saturday morning, when members of plaintiff's family would be at home; that such emotional shock would occur in their presence and would disclose the existence and contents of the document to persons other than plaintiff, because of which defendant had reasonable cause to know that in such manner the document and envelope would become published; and that he sent them to plaintiff with such expectation and intention.

It is further alleged that on receipt of said document plaintiff became visibly agitated and grew hysterical; that by reason thereof the presence and the contents of the document became known to plaintiff's sister who read it, by reason of which the document and envelope " were published by defendant to a person other than plaintiff "; that they were published of and concerning plaintiff; that the acts of the defendant were malicious; and that the contents of the writings were untrue.

The final paragraph of the first cause of action (par. XIV) alleges that the contents of said document and envelope were calculated to and did hold plaintiff up to public shame, disgrace, ridicule and contempt, and did damage to her reputation.

In the second cause of action plaintiff repeats all of the allegations of the first, except those contained in paragraph XIV. Plaintiff then alleges:

" That plaintiff was, by the said acts of defendant, made sick, nervous, unable to sleep, and unable to eat and digest her food as before; was compelled to obtain medical aid in an endeavor to restore her health and was made to suffer severe mental anguish, and still suffers the same."

No pecuniary damages, however, are alleged.

We are in accord with the view expressed at Special Term that the first cause of action, as pleaded, is clearly insufficient. Except as the plaintiff's conclusion, it does not appear on the

face of the complaint that the alleged libel was published by the defendant. We are unable to interpret the factual allegations otherwise than as a statement that plaintiff voluntarily disclosed the so-called " Ode " to her sister. No facts are pleaded from which any inference may be drawn that the defendant had reason to believe that the communication would come into the hands of some third person and be read before it reached the plaintiff; nor does plaintiff allege that it was read by any third person before plaintiff received it. Subsequent communication by her of the alleged libelous matter to her sister constituted publication by her and not by the defendant (*Weidman* v. *Ketcham*, 278 N. Y. 129; *Schaller* v. *Miller*, 173 App. Div. 998).

Since the first cause of action is defective for failure to plead facts which would constitute publication by the defendant, we do not reach the question whether the contents of the communication were libelous per se.

The second cause of action was dismissed because the learned Justice at Special Term considered it an attempt to plead a cause of action founded on a prima facie tort, without alleging that the plaintiff had sustained special damage (cf. *Brandt* v. *Winchell*, 283 App. Div. 338; 286 App. Div. 249, affd. 3 N Y 2d 628). Of course, no such pleading is necessary, if an injury has been alleged for which general damages may be recovered.

The question which must be determined therefore is whether the intentional infliction of serious mental distress without physical impact can constitute an independent tort which is actionable per se. We believe that the question must be answered in the affirmative.

No case has been cited, nor have we discovered any in which the precise question has been passed upon by an appellate court in this State, although a similar issue was decided at Special Term, Kings County, in a well-considered opinion by Mr. Justice HART (*Mitran* v. *Williamson*, 21 Misc 2d 106). In that case he denied a motion to dismiss for insufficiency a complaint in which damages were sought for mental distress caused by the receipt of a salacious communication, and for pecuniary loss sustained because the plaintiff was compelled to absent herself from her usual vocation.

There is no lack of authority in this State, however, for the conclusion that there may be a recovery for mental anguish and suffering, and for physical ailments resulting therefrom, unaccompanied by physical contact. Over 60 years ago, Mr. Justice GAYNOR, referring to an action for damages for assault, said (*Prince* v. *Ridge*, 32 Misc. 666, 667) : " Though there be no battery, and therefore no physical hurt, still the law allows the

jury to assess damages for the insult and indignity, and the hurt to the feelings and the mental suffering and the fright caused by the assault (*Lewis* v. *Hoover,* 3 Blackf. 407; *Newell* v. *Whitcher,* 53 Vt. 589; *Leach* v. *Leach,* 11 Texas, 699; *Barbee* v. *Reese,* 60 Miss. 906). In the case of mere negligence the law does not permit damages for mere fright or mental suffering, there being no physical injury (*Mitchell* v. *Rochester R. Co.,* 151 N. Y. 107); but in the case of wanton or intentional wrongs against the person the rule is different (*Spade* v. *Lynn R. Co.,* 168 Mass. 285).''

Prior to Judge GAYNOR's decision it had been held by this court that the rule announced in *Mitchell* v. *Rochester Ry. Co.* (151 N. Y. 107, *supra*) had no application in tort actions other than those founded on negligence (*Preiser* v. *Wielandt,* 48 App. Div. 569, 572). Recovery for mental anguish, in the absence of physical contact, has been customarily allowed in cases involving willful injuries such as defamation, false imprisonment, malicious prosecution and willful breach of the duties imposed on innkeepers and common carriers. And, of course, proof of physical contact or direct physical injury is no longer required in actions to recover for personal injuries resulting from negligence (*Battalla* v. *State of New York,* 10 N Y 2d 237).

The question remains, however, whether there may be recovery for the intentional infliction of mental distress without proof of the breach of any duty other than the duty to refrain from inflicting it. We see no reason why there should not be. There is a wealth of authority on the question in other jurisdictions, and an examination of the decided cases discloses that in recent years most of the courts which have been presented with the question have recognized an independent right to such a recovery (see 64 A. L. R. 2d 119, § 8 and cases cited; Restatement, Torts, 1948 Supp., § 46, p. 616 and cases cited; Prosser, Torts [2d ed.], p. 38 *et seq.*). In this State it would seem to follow that if damages may be recovered for mental anguish caused accidentally, they should certainly be recoverable for the same injury caused intentionally.

'' [T]he only valid objection against recovery for mental injury is the danger of vexatious suits and fictitious claims, which has loomed very large in the opinions as an obstacle. The danger is a real one, and must be met. Mental disturbance is easily simulated, and courts which are plagued with fraudulent personal injury claims may well be unwilling to open the door to an even more dubious field. But the difficulty is not insuperable. Not only fright and shock, but other kinds of mental injury are marked by definite physical symptoms, which are

capable of clear medical proof. It is entirely possible to allow recovery only upon satisfactory evidence and deny it when there is nothing to corroborate the claim, or to look for some guarantee of genuineness in the circumstances of the case. The problem is one of adequate proof, and it is not necessary to deny a remedy in all cases because some claims may be false. The very clear tendency of the recent cases is to refuse to admit incompetence to deal with such a problem, and to find some basis for redress in a proper case." (Prosser, Torts, § 34, pp. 212–213; *Ferrara* v. *Galluchio*, 5 N Y 2d 16, 21; *Mitran* v. *Williamson*, 21 Misc 2d 106, 109–110, *supra.*)

The fact that the pleading here under attack does not fall plainly within the rule announced in some decided case does not require the dismissal of the complaint. The law should never suffer an injury and damage without a remedy (*Kujek* v. *Goldman*, 150 N. Y. 176; *Piper* v. *Hoard*, 107 N. Y. 73, 76). Neither is there any reason, if the injury complained of can sustain an independent cause of action, why it should be denominated as a prima facie tort (cf. *Knapp Engraving Co.* v. *Keystone Photo Engraving Corp.*, 1 A D 2d 170, 172), or why the pleading should be required to conform with the rules which apply in actions to recover for the intentional infliction of temporal damage. It is alleged that the mental suffering caused by the defendant's conduct was genuine and extreme and that the results which followed were severe. It will be for the trier of the facts to determine whether such injuries were actually suffered, and whether the conduct of the defendant was such that it may be said that it went beyond all reasonable bounds of decency (see Restatement, Torts, 1948 Supp., § 46; Prosser, Torts [2d ed.], p. 38 *et seq.*).

We hold only that the second cause of action as pleaded is sufficient. Since the motion was addressed to the entire complaint, it should have been denied, even though the first cause of action is insufficient on its face (*Advance Music Corp.* v. *American Tobacco Co.*, 296 N. Y. 79, 84).

The order appealed from should be reversed and the motion to dismiss should be denied.

UGHETTA, CHRIST, PETTE and BRENNAN, JJ., concur.

Order reversed, without costs, and motion to dismiss the complaint denied, without costs. Defendant's time to answer the complaint is extended until 20 days after entry of the order hereon.