**Roger HOOD, Appellant,**

v.

**NAETER BROTHERS PUBLISHING CO. and Don R. Smith, Respondents.**

No. 39067.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 7, 1978.

Motion for Rehearing and/or Transfer
Denied March 10, 1978.

Application to Transfer Denied April
10, 1978.

---

Spradling, Drusch, Dillard & Spradling, A. M. Spradling, III, Cape Girardeau, for appellant.

Finch, Bradshaw, Strom & Steele, James A. Cochrane, III, Cape Girardeau, for respondents.

CLEMENS, Presiding Judge.

Action for damages for allegedly outrageous conduct by a newspaper in publishing plaintiff's name as witness to a murder. The trial court sustained defendants' motion for summary judgment and plaintiff has appealed.

Plaintiff pleaded he was an employee of a liquor store and was working on the evening of August 7, 1976 when the store was robbed by two masked black men. Plaintiff witnessed the fatal shooting of a fellow employee. The next day the Cape Girardeau police department released its report to the press, giving details of the robbery, including plaintiff's name and address. At this time, plaintiff, a recent resident of Cape Girardeau, was not listed in the telephone directory. The following day defendant Naeter Brothers published a front-page article, written by defendant Don Smith, reporting the robbery and murder in the "Southeast Missourian." The article identified plaintiff as a witness and printed his address. The two suspects were still at large.

Plaintiff further pleaded that as a result of the publication he has been in constant fear, has been forced to change his residence repeatedly, has become suspicious of all black persons and has been under the care of a psychiatrist.

Plaintiff contends defendants' publication of his name and address constituted outrageous conduct because defendants knew or should have known the killers were still at large. He argues that the issue of culpability is for a jury to determine and, accordingly, the trial court erred in granting summary judgment for defendant.

The issue is whether the alleged acts constitute outrageous conduct as a matter of law. We say no. In *Pretsky v. Southwestern Bell Telephone Co.*, 396 S.W.2d 566, 568 (Mo.1965), our supreme court adopted § 46 of the Restatement of the Law of Torts and its comment (d):

Outrageous Conduct Causing Severe Emotional Distress

"(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."

Comment (d) gives guidance on the meaning of "extreme" and "outrageous."

"(d) Extreme and outrageous conduct. The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous . . . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'

The liability clearly does not extend to mere insults, indignities, threats, arrogancies, petty oppression, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind . . . ."

Cases from other jurisdictions illustrate the type of conduct held to be outrageous. In *Blakely v. Shortal's Estate*, 236 Iowa 787, 20 N.W.2d 28 (1945), the court upheld recovery against decedent's estate where the deceased slit his throat in plaintiff's kitchen and plaintiff suffered shock upon finding the body. And in *Great Atlantic and Pacific Tea Co. v. Roch*, 160 Md. 189, 153 A. 22 (1931), the court affirmed a jury verdict for plaintiff where defendant delivered a dead rat in a package instead of the bread plaintiff had ordered. See also *Savage v. Boies*, 77 Ariz. 355, 272 P.2d 349 (1954).

Missouri cases involving outrageous conduct have dealt with creditors harassing debtors. In *Liberty Loan Corp. of Antioch v. Brown*, 493 S.W.2d 664[4] (Mo.App.1973), the court upheld a verdict for plaintiff where defendant made harassing, abusive and threatening phone calls to plaintiff in order to collect a debt. See also *Kuehner v. Denny-Loan Corp.*, 518 S.W.2d 94 (Mo.App. 1974). In *Warren v. Parrish*, 436 S.W.2d 670[6] (Mo.1969), the court upheld a count of plaintiff's petition alleging outrageous conduct where plaintiff pleaded that defendant, in order to collect a debt, put plaintiff's car on a lift for three hours, threatened plaintiff and refused to return the car until payment was made.

In contrast, in *Pretsky, supra*, at 396 S.W.2d 566 the court ruled plaintiff failed to state a cause of action for outrageous conduct where she alleged defendant's employee gained entrance to her house by falsely stating there was trouble on her telephone line and that he must enter to correct the problem. The court followed § 46 of the Restatement and held defendant's conduct was not actionable, ruling: "The facts pleaded do not constitute what could be considered to be extreme and outrageous conduct . . . ." and the petition "does not contain averments which invoke substantive principles of law which entitle plaintiff to relief."

Similarly, in *Nelson v. Grice*, 411 S.W.2d 117[4] (Mo.1967), the court held no outrageous conduct was shown. There, defendants had leased property to plaintiff on which he ran a grocery store. Subsequently, defendants built a second building on the property and told plaintiff he could rent it at the same rate. Instead, defendants raised the rent, harassed plaintiff and operated their own store in competition. As a result, plaintiff suffered a heart attack and attempted suicide. The supreme court, based on that part of Restatement quoted in *Presky, supra*, reversed a jury verdict for plaintiff, holding no outrageous conduct was shown.

We hold the conduct alleged here is not of the extreme and outrageous nature contemplated by § 46 of the Restatement. The publication of the name and address of the

sole witness to a violent crime at a time when the criminals are at large may be unwise but it does not go beyond the bounds of human decency. Furthermore, the published information was a matter of public record and readily available to all interested persons.[1]

We hold the trial court did not err in rendering summary judgment against plaintiff.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.

---

1. Plaintiff complains of the dissemination of his name and address to the public. Although neither party has raised the first amendment issue, the case of *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975), is relevant. The supreme court held that a state may not by statute make the broadcast of a rape victim's name the basis for civil liability for invasion of privacy where the information is a matter of judicial record and open for public inspection. At l.c. 496, 95 S.Ct. at 1046, the court explained: "We are reluctant to embark on a course that would make public records generally available to the media but forbid their publication if offensive to the sensibilities of the supposed reasonable man. Such a rule would make it very difficult for the media to inform citizens about the public business and yet stay within the law. The rule would invite timidity and self-censorship and very likely lead to the suppression of many items that would otherwise be published and that should be made available to the public.