Kit C. **LARSON,** Plaintiff and Appellant,

v.

**SYSCO CORPORATION,** Robert Jenson, and Robert Wagner, Defendants and Appellees.

No. 20682.

Supreme Court of Utah.

Jan. 10, 1989.

David R. Hamilton, Michael G. Belnap, Ogden, for plaintiff and appellant.

Rick J. Sutherland, Salt Lake City, for defendants and appellees.

HOWE, Associate Chief Justice:

Plaintiff Kit C. Larson appeals from a summary judgment granted in favor of his former employer, SYSCO Corporation, and his supervisors, defendants Robert Jenson and Robert Wagner, in a suit arising out of Larson's termination of employment.

Larson was employed by SYSCO as a commissioned salesman from March 1981 through April 1984. He worked under a written employment agreement which provided that his employment could be terminated by SYSCO at any time upon notice. Larson was terminated by his immediate supervisor, Wagner, without explanation except for the statement that he was to be "let go." SYSCO paid Larson all commissions due him plus severance pay for a two-week period, representing approximately 30 percent per week more than that which he had earned as commissions immediately prior to his termination. SYSCO submitted to the Utah Department of Employment Security the required "blue slip," which indicated that Larson's employment had been terminated for "poor performance."

Larson subsequently filed this suit, alleging breach of contract, defamation, and the intentional infliction of emotional distress

arising from the termination. After discovery was conducted, SYSCO moved for summary judgment on all of Larson's claims. The motion was granted. Larson brings this appeal, assailing the grant of summary judgment and the denial of his motion to amend his complaint.

## I.

■ Larson contends that there are numerous issues of disputed fact which should have precluded the grant of summary judgment. First, he argues that the manner of his termination did not comply with the provision of the written employment contract governing notice to be afforded him upon termination. In this respect, the agreement provides:

> Employee's employment with the Company may be terminated at any time by the Company or by Employee upon proper written notice. Proper notice is related to the length of employment as follows: ... over one (1) year employment, two weeks' notice.

Larson worked for SYSCO for more than three years and under the contract was entitled to two weeks' written notice. It is undisputed that after the employment contract had been executed, SYSCO revised its policy concerning employee termination, and instead of giving the employee the advance notice required by the contract, it terminated the employee without notice but provided him with severance pay for a period of time equal to the advance-notice time specified in the contract. This was done in response to SYSCO's experience that sales performance typically declined after receiving written notice of termination. We find no violation of the contract by this policy. Larson was entitled to two weeks' advance notice. He received pay for two weeks but was relieved of the obligation to render any services during that time. This left him free to seek other employment while enjoying full pay without any employment responsibility.

■ Larson contends that the legality of his termination should be determined according to Idaho law inasmuch as the written agreement provided that "[i]n the event of any dispute arising under this agreement, it is agreed between the parties that the law of the State of Idaho will govern the interpretation, validity and effect of this agreement." He concedes that the general rule in Idaho is that an employee hired for an indeterminate period of time is an employee at will and can be terminated by his employer at any time. *Jackson v. Minidoka Irr. Dist.*, 98 Idaho 330, 563 P.2d 54 (1977). However, he contends that *Jackson* pointed out that an exception will be made to the general rule when the motivation for the termination contravenes public policy. The court cited and discussed cases from other states which illustrate this exception to the general rule. Those cases involve the firing of an employee because of his refusal to give false testimony before the California legislature; termination because an employee filed for worker's compensation for an injury sustained in the course of employment; termination for a female employee's refusal to "go out" with her supervisor; and firing because an employee served jury duty against the wishes of her employer.

Assuming that Idaho law does apply, we find nothing in Larson's pleadings or in his argument which would bring him within the public policy exception to Idaho's employment-at-will rule. At bottom, Larson's defense to his termination is nothing more than a challenge to his employer's determination that his performance was poor. Larson asserts that he was a superior producer and that he was on the verge of acquiring two large accounts which would have proved profitable to both him and SYSCO. Even assuming Larson to be correct in the evaluation of his own performance, SYSCO's motivation for terminating him in no way contravenes public policy as illustrated by the Idaho court in *Jackson v. Minidoka Irr. Dist.* Later Idaho cases make it clear that the public policy exception only protects employees who refuse to commit unlawful acts, who perform important public obligations, or who exercise certain legal rights or privileges. *Staggie v. Idaho Falls Consol. Hosps., Inc.*, 110 Idaho 349, 715 P.2d 1019 (Idaho Ct.App.1986).

The Supreme Court of that state has refused to extend the exception to instances of arbitrary and capricious firing. *Spero v. Lockwood, Inc.*, 111 Idaho 74, 721 P.2d 174 (1986). See also *Anderson v. Farm Bureau Mut. Ins. Co. of Idaho*, 112 Idaho 461, 732 P.2d 699 (Ct.App.1987), for another example of a case where no public policy violation was found. Clearly, Larson cannot bring his case under that exception.

■ Nor is there any merit in Larson's argument that SYSCO may have violated an implied covenant of good faith and fair dealing such as was imposed by the Massachusetts court in *Fortune v. National Cash Register*, 373 Mass. 96, 364 N.E.2d 1251 (1977). Larson has cited no Idaho case which has recognized that covenant in the termination of employees at will. *Rosecrans v. Intermountain Soap & Chemical Co.*, 100 Idaho 785, 605 P.2d 963 (1980), did hold that the employer in that case had the burden of proving the existence of good cause for termination, but the employment contract there was for a definite period and the employee was fired before the expiration of that period. We have no quarrel with that result, but it clearly has no application here where the employment was at-will.

■ Lastly, Larson contends that his termination was wrongful because he had provided SYSCO with separate and independent consideration which should have precluded it from terminating him without good cause. Again, we find no merit in this argument. The only separate and independent consideration suggested by Larson was his extensive efforts to develop a "touch tone" system. Larson, however, does not contend that his "extensive efforts" were requested by his employer or accepted by his employer with the intent by either party that these efforts would transform an employment-at-will contract into a contract where he could be terminated only for good cause.

## II.

■ Larson alleged in his complaint a claim against SYSCO for defamation arising from the comment noted on the separation slip sent to the Utah Department of Employment Security that he had been fired for "poor performance." He did not allege any special damages, and thus he must show that SYSCO's statement constituted defamation *per se*. Special damages are not required in certain instances since malice and damages are presumed. These instances are where the statements are false and allege criminal conduct on the part of the plaintiff or impute the contracting of some loathsome disease, unchaste behavior (on the part of a woman) or conduct which is incongruous with the exercise of a lawful business, trade, profession, or office. *Baum v. Gillman*, 667 P.2d 41 (Utah 1983). Larson argues that the statement "poor performance" upon his separation slip pertains to the exercise of his profession and is certain to result in pecuniary loss because prospective employers "would not be anxious to hire someone terminated for failing to perform his duties."

We recognize that SYSCO's statement could impede Larson's acquisition of other employment. However, the type of statement required for the purposes of defamation *per se* with respect to the practice of a trade or profession necessarily must, as its natural and proximate consequence, compel the conclusion that plaintiff will be damaged. *Baum*, 667 P.2d at 43. Speculative injury as to some future difficulty does not give rise to a cause of action as defamatory *per se*. *Baum*, 667 P.2d at 43. The employer's notation indicating "poor performance" as the reason for Larson's termination cannot be considered a statement which will necessarily injure his trade or profession. There was no error in dismissing his claim for defamation. We need not reach SYSCO's contention that the statement was privileged.

## III.

■ Larson also asserts that the actions surrounding his termination with SYSCO constituted an intentional infliction of emotional distress. We stated in *Samms v. Eccles*, 11 Utah 2d 289, 358 P.2d 344 (1961),

that such an action may be maintained where

the defendant intentionally engaged in some conduct toward the plaintiff, (a) with the purpose of inflicting emotional distress, or, (b) where any reasonable person would have known that such would result; and his actions are of such a nature as to be considered outrageous and intolerable in that they offend against the generally accepted standards of decency and morality.

11 Utah 2d at 293, 358 P.2d at 347.

While termination can be an emotionally distressing event in one's life, mere termination alone does not constitute the intentional infliction of emotional distress. Unless some outrageous conduct rising to the level described in *Samms* has attended the termination, Larson cannot maintain the action. He failed to raise a genuine issue of material fact with respect to this tort. Accordingly, the trial court was correct in dismissing this claim on the summary judgment motion.

IV.

After defendants moved for summary judgment, Larson moved for leave to file an amended complaint. He did not submit a proposed amended complaint, but in his motion he stated that he desired to amplify the allegations in his complaint by asserting that there is an implied covenant of good faith and fair dealing in an employment contract, which covenant was violated here by SYSCO. He relies on rule 15(a), Utah Rules of Civil Procedure, directing that leave to amend "shall be freely given when justice so requires." *See Girard v. Appleby*, 660 P.2d 245 (Utah 1983).

We find no error in the denial of Larson's motion to amend. As pointed out in part I of this opinion, he has totally failed to cite or furnish us with any Idaho authority, which he claims governs this case, holding that there is an implied covenant of good faith and fair dealing in at-will employment contracts. Our research has disclosed none.

THE JUDGMENT IS AFFIRMED.

HALL, C.J., and STEWART, DURHAM, JJ., concur.

ZIMMERMAN, J., concurs in the result.