Jennifer S. **BOTTOMLY**, Plaintiff,

v.

**LEUCADIA NATIONAL,**
et al., Defendants.

No. 94–C–590 B.

United States District Court,
D. Utah,
Central Division.

Oct. 2, 1995.

Max Wheeler, Stan Preston, Ryan E. Tibbitts, Camille N. Johnson, Snow, Christensen & Martineau, Salt Lake City, UT, Richard L. Green, Mary Jo Foster, E.E.O.C., Phoenix, AZ, for Plaintiff.

Patricia Leith, Todd M. Shaughnessy, Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, UT, Ellen Maycock, David Wright, Kruse, Landa & Maycock, L.L.C., Salt Lake City, UT, Raymond L. Fitzgerald, Butler, Fitzgerald & Potter, New York City, for Defendants.

## MEMORANDUM & ORDER

BOYCE, United States Magistrate Judge.

This is a suit by plaintiff under Title VII of the Civil Rights Act 1964, 42 U.S.C. § 2000e–2 and as amended by Title I, 1991 Civil Rights Act, 42 U.S.C. § 1981a, alleging serious sexual harassment by defendant Monson and alleging a hostile work environment during plaintiff's employment by the corporate defendants. Plaintiff claims damages due to severe psychological and emotional distress caused by the sexual harassment. The allegations of sexual harassment are substantial but plaintiff has experienced prior emotional problems.

On July 7, 1995 this court entered an order for discovery by the corporate defendants of the psychological and medical records of plaintiff, Jennifer S. Bottomly (File Entry #154). In that order the court directed wide discovery of plaintiff's psychological records of therapy provided by Rodney Stowe, a psychologist, who has recently treated plaintiff. The court excepted matters of third person diagnosis which were irrelevant to plaintiff's condition. The court ordered production of all documents relevant to the foundation for Stowe's expert testimony on the causal relationship between plaintiff's claims of psychological and emotional distress and the defendants' conduct. These records have been produced in a partially redacted form. The corporate defendants have now made a motion for reconsideration of the court's order. The corporate defendants have requested full disclosure of Stowe's records of the treatment of plaintiff. The defendants seek full disclosure of all plaintiff's medical records and unrestricted as to time or circumstance.

The court, in its order of July 7, 1995, also addressed the records of Dr. Joyce Higashi, a person who had treated plaintiff before the events involved in this case. The court restricted discovery of relationships unrelated to defendants or matters not attributable to defendants. The court restricted discovery of matters relating to plaintiff's prior relationships when employed by another employer which may have also involved sexual harassment of plaintiff.

The corporate defendants now seek reconsideration of the court's prior discovery order (File Entry #186). The corporate defendants contend they are entitled to discover "all information that could *affect* the opinions" of plaintiff's experts. Plaintiff presented one of its experts as to that person's diagnosis of plaintiff and what documents would have utility in assessing plaintiff's claim.

In making the prior order, the court concluded that without further showing, other information about plaintiff's psychological circumstance or history, would not be reasonably likely to lead to admissible evidence and that there was no justification for ordering discovery relating to any diagnosis or treatment involving third persons because of privacy interests of both third persons and plaintiff. Although, plaintiff, by putting her psychological and emotional condition in issue waives privacy claims as to those matters which are related to causation and damages as to her claim, plaintiff does not waive privacy interests on matters that are unrelated to the case or not calculated to lead to admissible evidence. *Mitchell v. Hutchings*, 116 F.R.D. 481, 484 (D.Utah 1987). In making that evaluation, the Rules of Evidence are directly pertinent as to what matter is calculated to lead to admissible evidence. Rule 26(b)(1) F.R.C.P. expressly limits discovery to "matter, not privileged, which is *relevant* to the subject matter ..." (Emphasis added). Also, the information sought must appear to be "reasonably calculated to lead to the discovery of admissible evidence." In that regard Rules 401, 402 and 403 F.R.E. have application to matters of discovery. The recent amendments to Rule 412, F.R.E. may also impose limitations on discovery.

Although expert testimony is not required to prove psychological or physical

damage under Title VII, *Harris v. Forklift Sys. Inc.,* —— U.S. ——, ——, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993), it is admissible as probative of damages and causation and defendants must be given an opportunity to rebut the plaintiff's evidence, and if legitimate, make an attribution of psychological damage to another exclusive cause. See *Tobey v. Extel/JWP, Inc.,* 985 F.2d 330, 333 (7th Cir.1993) (absence of expert evidence on linkage is a matter of concern as to the causation for termination of employment); *Busby v. City of Orlando,* 931 F.2d 764 (11th Cir.1991) (expert testimony on the psychological impact of discrimination is relevant as to damages).

■■■ However, matter that is not related to causation and extent of damage, but which merely goes to the plaintiff's character is outside of proper bounds of discovery. Rule 404(a) F.R.E. See *Stair v. Lehigh Valley Carpenters Local Union,* 813 F.Supp. 1116 (D.E.D.Pa.1993); Rule 412, F.R.E. Matters that are remote to what an expert may legitimately use for foundation for an expert opinion but which may be helpful in a clinical treatment mode or for a psychoanalytic personality analysis are too broad and intrusive and not needed for an expert opinion in the issues. A clinical whole person approach is not especially functional in the legal context of the case and is unjustifiably intrusive. A full personality inventory is not necessary for an expert witness to address the relevant issues of damages and causation. Although, there is a confidentiality order in place, because of the parties involved, the nature of the accusations, and the unusual bitterness with which the parties have confronted each other in this case, as well as media publicity the case has received, the court should exercise its discretion to assure that unnecessary invasion of the privacy interests of all parties and other persons does not occur.

■■■ In addition, it should be kept in mind that the conduct constituting sexual harassment must meet an objective reasonable woman or man standard. *Harris v. Forklift Systems, Inc.,* —— U.S. ——, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). When that

is shown then the damages to be recovered are to be determined subjectively by the injury to the individual victim. See 42 U.S.C. § 1981 a(b)(3). If the victim was vulnerable and psychologically feeble, the harasser must accept the condition of the person who was subjected to the improper conduct. The victim of sexual harassment is to be treated no differently on damages than any other tort victim. *Memphis Community School District v. Stachura,* 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986). The defendant cannot seek a limitation on damages if the harasser's conduct was a substantial cause of the psychological or emotional distress of the victim. The harasser's conduct need not have been the sole or exclusive cause of the plaintiff's damage. Therefore, the use of other psychological or emotional distress that a plaintiff suffered at other times will have only limited worth for defendants if the plaintiff's present or relevant condition was substantially caused by the defendants' conduct. The experts for plaintiff in this case need *not* proclaim that defendants' conduct is the sole cause of her distress, only a substantial cause. Defendants, to be exonerated from damages on this element if the substantive conduct for liability were found, would have to show that the plaintiff's psychological or emotional condition was not substantially related to defendants' misconduct. Thus, causation is a critical factor to this case, but a full personality inventory of plaintiff's character as such, unrelated to her psychological or emotional condition and causation is not relevant. It may well be confusing to a jury if there is a causative relationship between defendants' conduct and plaintiff's emotional distress if unrelated psychological evidence is received. See Rule 403, F.R.E. If damages are proper confusion should be avoided and the matter left to the jury. *Webb v. Hyman,* 861 F.Supp. 1094, 1113 (D.C.D.C.1994).

■■■ The defendants are entitled to discovery on the issue of emotional distress. *Bridges v. Eastman Kodak Co.,* 850 F.Supp. 216 (D.S.D.N.Y.1994). The discovery must be allowed as to all material plaintiff's experts could reasonably rely on to address the relevant issues in the case, *Mitchell v.*

*Hutchings,* 116 F.R.D. at 483 (D.Utah 1987). See also *Smith v. Ford Motor Co.,* 626 F.2d 784, 793 (10th Cir.1980). The evidence should be what would potentially assist the trier of fact. Rule 702, F.R.E. This was previously ordered as to Mr. Stowe's records. Defendants may also obtain information relevant to their expert's need to form a basis for any counter opinion to that of plaintiff's expert. However, the defendants may not have access to material which is unrelated or irrelevant to what is appropriate for an expert to give or base an opinion on. The expert's opinion *must* be founded on what an expert in the discipline would reasonably rely on given the issues in the case, *Wilson v. Merrell Dow Pharmaceuticals,* 893 F.2d 1149 (10th Cir.1990); *Head v. Lithonia Corp.,* 881 F.2d 941, 944 (10th Cir.1989). It is this court's responsibility to insure that the discoverable matter is calculated or likely to lead to admissible evidence and if the material is not related or necessary to the legitimate scope of relevant expert opinion, the court should not permit discovery. *In re Agent Orange Prod. Liability,* 611 F.Supp. 1223, 1245 (D.E.D.N.Y.1985); *Head v. Lithonia Corp.,* supra, at p. 944.

█ The court, in this case, has heard expert witnesses from defendants [1] and plaintiff as to the proper scope of needed information necessary for a proper expert evaluation and opinion of plaintiff's emotional injury claim. The court concludes that plaintiff's experts seek information beyond that which is relevant and necessary to the substantive issues on damages, including plaintiff's condition and causation of emotional distress. The defendants' experts suggest the information "might" turn up something. Their requests do not fully "fit" the relevant issues for expert opinion. See *Daubert v. Merrell Dow Pharmaceuticals,* —— U.S. ——, ——, 113 S.Ct. 2786, 2796, 125 L.Ed.2d 469 (1993).[2]

The court concludes that as to Mr. Stowe's records the court's original order was correct and fully adequate to defendants' needs. However, the court is concerned at the extent of the redaction made by plaintiff that was presented at the hearing on this matter and which may have limited disclosure of the relevant records. Therefore, the court will review the unredacted records *in camera* to determine if there has been compliance with the court's order.

The plaintiff was also treated by Dr. Joyce Higashi, a clinical psychologist. It may be that the court's prior order as to Dr. Higashi's records was too restrictive. Dr. Higashi's treatment of plaintiff occurred prior to the incident in question but the records may have some possible relevance on causation. Caution must be exercised to make certain that records are in fact relevant to causation and calculated to lead to admissible evidence and to protect a Title VII and Title I, Civil Rights Act 1991, complainant from a second sexual harassment by the manner of discovery. See *Priest v. Rotary,* 98 F.R.D. 755, 761 (D.N.D.Cal.1983).[3] See also *Meritor Savings Bank,* supra, 477 U.S. at 69, 106 S.Ct. at 2406–2407. In order to determine if there is material relevant to causation or to an expert's legitimate predicate for an opinion, the court will also review Dr. Higashi's notes and records *in camera.* However, the defendants' request for all records, regardless of time and circumstance, will not be granted. The records to be disclosed must be reasonably calculated to lead to admissible

---

1. Their experts' affidavits have also been evaluated.

2. Although *Daubert* does not have strict application to this case because it does not involve "scientific" evidence, but is more of specialized knowledge, *Daubert's* analysis of the need for expert testimony to be based on relevant facts and fit the issues in the case is applicable to this case. See *Reference Manual on Scientific Evidence, Federal Judicial Center,* 1994 p. 15, 47–51. See also Richardson, Ginsburg, Gatonski and Dobbin, *The Problems of Applying Daubert To Psychological Syndrome Evidence,* 79 Judicature 10 (1995).

3. In another aspect of this case, the court has allowed extensive deposing of plaintiff as to other sexual harassment in a prior employment relationship. Without determining admissibility, the court has said if a *modus operandi* of sexual harassment claims can be shown, such evidence may be admissible on whether the harassment alleged in this case actually occurred. See Rule 404(b) F.R.E. However, this allowance may not be used to justify prying in to unrelated sexual activities or history that merely attacks plaintiff's character and subjects her to harassment or unjustified embarrassment not rationally incident to the litigation. See also Rule 412, F.R.E.

evidence. Defendants' request goes beyond that standard. Therefore,

**IT IS HEREBY ORDERED** that the plaintiff shall provide the psychological records of her treatment by Mr. Rodney Stowe and Dr. Joyce Higashi to the court on or before October 12, 1995 for *in camera* inspection. The records shall be in a legible form. If necessary, the original documents should be supplied.