**UNITED STATES SURGICAL CORP., Plaintiff,**

v.

**ORRIS, INC., et al., Defendant.**

**No. CIV. A. 96–2300–GTV.**

United States District Court, D. Kansas.

Oct. 9, 1997.

Joel K. Goldman, John K. Power, Bruce A. Moothart, Michael L. Matula, Husch & Eppenberger, Kansas City, KS, John C. Andres, Basam E. Nabulsi, Carolyn H. Blankenship, Norwalk, CT, Terry R. Woodard, Central Islip, NY, for U.S. Surgical Corp.

Michael B. Hurd, Patrick Lysaught, Joseph G. Matye, Scott B. Strohm, James R. Eiszner, Shook, Hardy & Bacon L.L.P., Kansas City, MO, for Defendants Orris, Inc., Advantage Medical Products, Nancy English, Crystal Medical Technologies, Inc.

Michael B. Hurd, Patrick Lysaught, Joseph G. Matye, Scott B. Strohm, James R. Eiszner, Shook, Hardy & Bacon L.L.P., Ray-

mond G. Hofker, Houston, TX, for Defendants Brett Hoskins, Paul Lovoi.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

Plaintiff brings this action claiming that defendants' recycling, resterilizing, refurbishing and reselling of medical instruments constitute trademark infringement under 15 U.S.C. § 1114, unfair competition under 15 U.S.C. § 1125(a), patent infringement under 35 U.S.C. § 271, common law unfair competition, and tortious interference with contract. The case is before the court on the following motions:

(1) Defendants' motion (Doc. 202) to strike and/or exclude the report and statements of Marimargaret Reichert;

(2) Defendants' motion (Doc. 203) to strike and/or exclude the report and statements of Jacob Jacoby, Ph.D.;

(3) Plaintiff's motion (Doc. 280) to review magistrate judge's order (dated August 5, 1997);

(4) Plaintiff's motion (Doc. 284) to review magistrate judge's order (dated August 6, 1997);

(5) Plaintiff's motion (Doc. 302) to file documents under seal; and

(6) Plaintiff's motion (Doc. 318) to supplement its opposition to defendants' motion to strike and/or exclude the report and statements of Marimargaret Reichert.

For the reasons set forth below, the court denies all of the motions.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, U.S. Surgical Corporation, develops, manufactures and markets surgical and other medical instruments and products under one or more of plaintiff's registered patents and trademarks. Many of the instruments are disposable and their packaging labels and instructions state "for single use only."

The defendants in this case are Orris, Inc., Advantage Medical Products, Crystal Medical Technologies, Inc., and a few individual agents of these companies. Defendants allegedly recycle, resterilize, refurbish, and resell disposable medical instruments that plaintiff develops, manufactures, and markets. Plaintiff alleges that defendants remove the instruments from hospitals after they are used in a surgical procedure, clean and resterilize the used instruments, and return the instruments to hospitals with plaintiff's trademarks still visible on the instruments. On April 3, 1997, plaintiff filed its motion for partial summary judgment on the trademark infringement claim. In its motion, still pending before the court, and supporting memorandum, plaintiff relies on the reports and statements of Marimargaret Reichert and Jacob Jacoby, Ph.D.

Plaintiff offers Ms. Reichert as an expert witness to establish that the disposable instruments cannot adequately be recleaned and resterilized. Ms. Reichert is a consultant on the reuse of medical instruments and was an operating room nurse for many years before becoming a consultant. On May 1, 1997, Ms. Reichert appeared for her deposition. Defendants, who objected to the sufficiency of her expert report under Fed. R.Civ.P. 26(a)(2), attempted to supplement the report through her deposition. Ms. Reichert, however, refused to answer certain questions relating to her prior consulting work on the grounds of confidentiality. The parties later adjourned the deposition and, on May 12, 1997, defendants filed a motion to compel Ms. Reichert to answer the questions relating to her prior consulting work. On August 5, 1997, Magistrate Judge Ronald E. Newman issued an order compelling Ms. Reichert to answer the deposition questions.

Plaintiff offers Dr. Jacoby as an expert witness to establish that consumers are likely to be confused as to the source of the recleaned and resterilized instruments. Dr. Jacoby conducted a survey at the request of plaintiff to determine if surgeons could differentiate between new instruments and recleaned and resterilized instruments. Dr. Jacoby prepared a report incorporating the survey results. Plaintiff provided a copy of the report to defendants as part of its expert witness disclosures, but refused defendants' request for the underlying data from the survey. On April 22, 1997, defendants filed a

motion to compel production of the underlying data from the survey. On August 6, 1997, Magistrate Newman issued an order compelling production of the underlying data.

## II. DISCUSSION

### A. Motion to Exclude Reichert

Defendants argue that the court must exclude Ms. Reichert because she fails to meet the *Daubert*[1] test and because her testimony is neither reliable nor relevant. The court disagrees.

In *Daubert*, the Supreme Court enunciated a protocol for district court judges to use in evaluating the admissibility of expert scientific evidence under Federal Rule of Evidence 702. *See Daubert*, 509 U.S. at 592–95, 113 S.Ct. at 2796–98. The approach focuses on assessing the validity of the expert's principles and methodology. *Id.* at 594–95, 113 S.Ct. at 2797–98. The court set forth several factors:

(1) whether the technique can be tested;

(2) whether the technique has been subject to peer review and publication;

(3) whether the technique has an acceptable known or potential rate of error;

(4) whether adequate standards control the technique's operation; and

(5) whether the relevant scientific community generally accepts the technique.

*Id.* at 593–94, 113 S.Ct. at 2796–97.

Experience alone may provide adequate qualification for expert testimony. *See United States v. Markum*, 4 F.3d 891, 896 (10th Cir.1993). The Tenth Circuit concluded that *Daubert* is inapplicable to cases "where expert testimony is based solely upon experience or training." *Compton v. Subaru of America, Inc.*, 82 F.3d 1513, 1518 (10th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 611, 136 L.Ed.2d 536 (1996). *Daubert* factors and supporting rationale make clear that the test is "applicable only when a proffered expert relies on some principle or methodology." *Id.*

Here, the proffered evidence relates to Ms. Reichert's opinion that disposable medical instruments cannot be adequately recleaned and resterilized. The basis of her expertise and for her opinion is her thirty years of experience, including her operating room experience in which she has seen numerous unclean and/or faulty reused instruments, her employment experience in which she established a testing program to verify the effectiveness of recleaning and resterilizing, and her consulting experience in which she has visually examined recleaned and resterilized instruments. Thus, the court holds that *Daubert* is inapplicable to Ms. Reichert's report and statements.

If the expert testimony is based solely on experience or training, the court applies the traditional preliminary reliability and relevance analysis. *Id.* at 1519. The defendants rely on the following specific bases for their motion to exclude: (1) Ms. Reichert has never designed surgical instruments; (2) she has not performed any testing or research on any instruments actually reprocessed by defendants; (3) she has not visually inspected disposable instruments; and (4) plaintiff commissioned and paid for her visual inspection of the other instruments. The court finds that defendants' arguments bear on the weight a trier of fact should give to Ms. Reichert's testimony, but they are insufficient to attack the admissibility of the expert testimony.

For example, in *Wheeler v. John Deere Co.*, 935 F.2d 1090 (10th Cir.1991), the defendant argued that the plaintiff's expert, a mechanical engineer specializing in the safe design of farm equipment, was unqualified to testify that farm equipment was dangerous beyond the expectation of the ordinary user. *Id.* at 1100. The defendant contended that, because the expert lacked expertise in consumer sampling, his testimony on consumer expectations lacked foundation. *Id.* The Tenth Circuit found that his experience with the safe design of farm equipment would naturally include knowledge of consumer expectations. *Id.* The Tenth Circuit upheld the

---

1. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

admission of the testimony because "an expert witness is not strictly confined to his area of practice, but may testify concerning related applications; a lack of specialization does not affect the admissibility of the opinion, but only its weight." *Id.*

Likewise, Ms. Reichert's experience as a nurse and consultant has naturally included knowledge of medical instruments. Thus, she is qualified to testify to the related area of medical instruments despite her lack of experience designing such instruments. Further, although her detailed destruction and inspection of eighty medical instruments did not include disposable instruments or instruments processed by defendants, her general experience with medical instruments included disposable instruments. Because Ms. Reichert's general experience provides sufficient qualification to withstand the motion based on the record now before the court, whether or not plaintiff paid for her visual inspection of specific instruments is immaterial to the admissibility of the evidence. Thus, the court denies the motion to exclude Ms. Reichert.

## C. Motion to Exclude Jacoby

Survey evidence is admissible if the survey is "material, more probative on the issue than other evidence and if it has guarantees of trustworthiness." *Harolds Stores, Inc. v. Dillard Dept. Stores, Inc.,* 82 F.3d 1533, 1544 (10th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 297, 136 L.Ed.2d 216 (1996). "Technical and methodological deficiencies in the survey ... bear on the weight of the evidence, not the survey's admissibility." *Id.*

Defendants argue that the survey evidence is not trustworthy because: (1) the questions required interpretation; (2) the questions required speculation; (3) the survey did not discount influence by plaintiff's promotional or marketing activities; and (4) Dr. Jacoby conducted the survey for the purpose of litigation only. The court finds that the survey is sufficiently trustworthy to withstand a motion to exclude based on the record now before the court.

Defendants argue that the questions required interpretation because they referred to "single-use" instruments, instruments that have "been used before," and "recycling" instruments. The court finds that none of these phrases are ambiguous. To the extent that these or any other phrases may be ambiguous, the court holds that such ambiguity bears only on the weight to be given to the survey. *See id.* at 1546 n. 9 ("Because deficiencies in the survey bear on the weight and not the admissibility of the evidence, ... we reject [defendant's] arguments that ... the survey questions were slanted, leading, and ambiguous.").

Defendants argue that the questions required speculation because they asked whether it is "possible" to clean and resterilize the instruments after use, whether the used instruments can be restored to their "original condition," and whether the surgeons "thought" patients would object to reprocessed instruments. Defendants contend that there is no evidence that the survey participants had any knowledge or expertise regarding the subjects of these questions. The court holds that, to whatever extent these questions may require speculation, the questions' speculative nature bears on the weight and not the admissibility of the survey. *See id.*

Defendants argue that the survey did not account for plaintiff's promotional or marketing activities because Dr. Jacoby did not exclude hospitals or doctors who had received sales calls or promotional materials from plaintiff. Defendants rely on *Novo Nordisk v. Eli Lilly and Co.,* 1996 WL 497018, at *7 (S.D.N.Y.1996), in which the court criticized one of Dr. Jacoby's surveys because it failed to account for promotional or marketing activities. The court agrees with the *Novo Nordisk* court that such failure may, in certain circumstances, seriously limit the weight of the survey, but the failure does not affect the admissibility of the survey. *See id.* (admitting questions from survey despite failure to account for promotional materials).

Defendants also argue that the survey lacks trustworthiness because Dr. Jacoby conducted it for the sole purpose of this litigation. "In a case such as this in which confusion as to product source is a material

issue, a survey may be the only available method of showing the public state of mind." *Brunswick Corp. v. Spinit Reel Co.*, 832 F.2d 513, 522 (10th Cir.1987) (citing 5 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 901(b)(9)[03] at 901–120). It is axiomatic that a court may admit such a survey despite its being conducted for the purpose of litigation. Otherwise, parties would be relegated to the position of searching for previously conducted surveys examining the likelihood of confusion between the two or more specific products involved in the litigation and involving the appropriate universe of respondents.

Next, defendants argue that the survey is immaterial because (1) the survey addresses the wrong population of respondents, (2) Dr. Jacoby limited the survey to three instruments, one of which the defendants do not process for reuse, and (3) the interviewers displayed instruments that Orris had not actually processed.

■ The respondents to a survey "must adequately represent the opinions which are relevant to the litigation." *Harolds Stores*, 82 F.3d at 1544 (quoting *Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 264 (5th Cir.1980)). A court should exclude a survey when the sample of respondents clearly does not represent the universe it is intended to reflect, but the sufficiency of the sample universe is relevant to the weight and not the admissibility of the survey. *Id.* Defendants argue that Dr. Jacoby should have directed the survey at purchasing agents, hospital administrators, and operating room supervisors. Defendants contend that surgeons are the wrong universe of respondents because they do not purchase the instruments and, therefore, their confusion is irrelevant to the claim of trademark infringement. The court disagrees.

■ To be admissible, a survey must represent relevant opinions. *Id.* In a trademark case, the relevant opinions for evaluating the likelihood of confusion include "those persons, such as some users, who might influence future purchasers." *Electronic Design & Sales, Inc. v. Electronic Data Sys. Corp.*, 954 F.2d 713, 718 (Fed.Cir.1992). Further, post-sale confusion is relevant. *See*

*Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 989 (Fed.Cir.1993).

Common sense indicates that surgeons and other physicians are likely to influence a hospital's purchasing decisions regarding medical equipment and instruments. *See American Optical Corp. v. Siemens Aktiengesellschaft*, 213 U.S.P.Q. 510 (T.T.A.P. 1982). Here, however, the court need not rely on common sense alone. Defendant Paul Lovoi, an officer of defendant ORRIS Corporation, admitted in his deposition that physicians still influence the purchasing decisions for medical instruments. Further, the survey itself indicated that sixty-percent of surgeons participate in the hospitals purchasing decisions. Thus, there is sufficient evidence that the survey represents relevant opinions.

Defendants apparently also contend that the respondents represented too narrow a universe of the relevant population because they did not include the other persons who influence the hospital's purchasing decision. Such a contention addresses the sufficiency of the universe, which bears on the survey's weight and not its admissibility. *Harolds Stores*, 82 F.3d at 1544.

Defendants' other grounds for challenging the survey's materiality also bear on the survey's weight, but not its admissibility. Limiting the survey to three instruments is, if any, a methodological deficiency. *See id.* Even more than the breadth of the universe of respondents, the breadth of the survey's subject-matter will bear directly on the survey's weight because the subject-matter defines what the survey can prove. That a survey can only prove part of a party's case, and not the entire case, is not grounds for exclusion. Failure to use actually recleaned and resterilized instruments is also a methodological deficiency. *See id.* Therefore, the court denies the motion to exclude Dr. Jacoby.

### D. Motions to Review Magistrate Judge's Orders

■ Under 28 U.S.C. § 636(b)(1)(A), the district court's scope of review of a magistrate's decision is whether the order has been shown to be "clearly erroneous or con-

trary to law." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988). The "clearly erroneous standard" requires that the court affirm the decision of the magistrate unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *Id.* at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)); *see also* Fed.R.Civ.P. 72(a); D. Kan. Rule 72.1.4(a). The court holds that neither order is clearly erroneous or contrary to law.

■ Plaintiff contends that Magistrate Newman should not have compelled Ms. Reichert to answer certain deposition questions because the answers contained confidential information. Magistrate Newman, in his order compelling the testimony, reasoned that Federal Rule of Civil Procedure 30 allows a deponent to refuse to answer a question only if necessary to protect a privilege, to enforce a court's evidentiary limitation, or to file a motion for a protective order. Magistrate Newman found that none of those circumstances existed. Further, he found that the information sought was relevant.

The Supreme Court recognized that confidential information is not equivalent to privileged information and, therefore, is not necessarily protected from the civil discovery process. *See Federal Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362, 99 S.Ct. 2800, 2813, 61 L.Ed.2d 587 (1979). Further, there is no recognized consultant-client privilege. Thus, the first possible justification fails because refusal to answer was not necessary to protect a privilege. Also, there was no relevant court order limiting discovery in the case. Finally, neither the deponent nor the plaintiff subsequently filed a motion for a protective order in this case. Thus, Magistrate Newman was not clearly erroneous in holding that none of the deponent's available justifications were applicable to the circumstances.

■ Plaintiff suggests Magistrate Newman was clearly erroneous because he did not balance the need for confidentiality against the need for discovery. A court should apply a balancing test to determine whether a protective order is necessary.

*Centurion Indus., Inc. v. Warren Steurer and Assoc.*, 665 F.2d 323, 325 (10th Cir.1981). Here, however, plaintiff has not filed a motion for a protective order. Thus, relevancy is the governing standard under Federal Rule of Civil Procedure 26(b)(1). The Supreme Court broadly construes relevancy in the discovery context. See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389–90, 57 L.Ed.2d 253 (1978). Magistrate Newman was not clearly erroneous in compelling Ms. Reichert to answer the deposition questions.

Even if a balancing test is appropriate despite the absence of a motion for a protective order, the court finds that Magistrate Newman was not clearly erroneous. Plaintiff proffers Ms. Reichert as an expert based on her many years of experience in the operating room and as a consultant examining medical instruments and resterilizing techniques. Plaintiff relies on Ms. Reichert's opinions in its motion for partial summary judgment. Thus, her experience as a consultant is directly relevant to her qualifications as an expert. By relying on her consulting experience as the basis for her expertise, plaintiff and Ms. Reichert bring her consulting experience into issue and they cannot now be heard to object to discovery of such experience on the basis of confidentiality.

Plaintiff relies on *Bottomly v. Leucadia Nat'l*, 163 F.R.D. 617 (D.Utah 1995), in which the court limited discovery of plaintiff's medical records to those records relevant to causation and damages as to her claim. *Id.* at 619. The *Bottomly* case, however, is distinguishable because the basis for expertise was not the physician's experience with the plaintiff, but the physician's formal knowledge and education. Here, Ms. Reichert's experience with her consulting clients is the basis for her expertise. Further, in *Bottomly*, the court concluded that any further discovery of the medical records would be irrelevant. *See id.* at 620–21. Here, the court already concluded that Magistrate Newman was not clearly erroneous in finding that the information sought was relevant. Thus, the court denies the motion to review Magistrate Newman's order dated August 5, 1997.

Plaintiff contends that Magistrate Newman should not have compelled Dr. Jacoby to reveal to defendants the identities of the individuals who participated in the survey because Dr. Jacoby promised the individuals that their identities would remain confidential. Magistrate Newman concluded that confidentiality is not equal to privilege and is not alone sufficient to limit discovery. Magistrate Newman then balanced the potential harm against the relevance of the information and concluded that disclosure was warranted. Neither conclusion is clearly erroneous or contrary to law.

As previously stated, confidential is not the equivalent of privileged. *See Merrill,* 443 U.S. at 362, 99 S.Ct. at 2813. Further, plaintiff should not be able to conduct a survey for litigation and subsequently protect the survey from scrutiny by promising confidentiality to the participants. Plaintiff has placed the survey's underlying data directly in issue by relying on the survey in plaintiff's motion for partial summary judgment. Magistrate Newman was not clearly erroneous in concluding that defendants' need to properly evaluate and rebut the reliability of the survey outweighed plaintiff's interest in shielding the survey participants. The court denies the motion to review Magistrate Newman's order dated August 6, 1997.

### E. Motion to File Documents Under Seal

Plaintiff filed a motion to file certain documents under seal with the court pending the court's determination of the motion to review Magistrate Newman's order dated August 6, 1997. The documents contain the identities of the survey respondents. On September 8, 1997, the court granted a motion to stay Magistrate Newman's order compelling production of the documents pending determination of the motion to review the order. Further, the court has decided the motion to review. Therefore, the court denies as moot the motion to file documents under seal.

### F. Motion to Supplement Plaintiff's Response to Motion to Exclude Ms. Reichert

The motion to exclude Ms. Reichert has been denied. Because the motion has been decided in plaintiff's favor, the court denies as moot plaintiff's motion to supplement its response.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion (Doc. 202) to strike and/or exclude the report and statements of Marimargaret Reichert is denied.

IT IS FURTHER ORDERED that defendants' motion (Doc. 203) to strike and/or exclude the report and statements of Jacob Jacoby, Ph. D. is denied.

IT IS FURTHER ORDERED that plaintiff's motion (Doc. 280) to review magistrate judge's order (dated August 5, 1997) is denied.

IT IS FURTHER ORDERED that plaintiff's motion (Doc. 284) to review magistrate judge's order (dated August 6, 1997) is denied.

IT IS FURTHER ORDERED that plaintiff's motion (Doc. 302) to file documents under seal is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion (Doc. 318) to supplement its opposition to defendants' motion to strike and/or exclude the report and statements of Marimargaret Reichert is denied as moot.

**IT IS SO ORDERED.**