**Roy SKULTIN, et al., Plaintiffs,**

v.

**Lance BUSHNELL, et al., Defendants.**

**No. 96–CV–923 ST.**

United States District Court,
D. Utah,
Central Division.

Jan. 28, 2000.

W. Andrew McCullough, Orem, UT, Jensie L. Anderson, University of Utah, College of Law, Salt Lake City, UT, Pame-la M. Martinson, American Civil Liberties Union of Utah, Salt Lake City, UT, for plaintiffs.

Elizabeth King, Asst. Attorney General, Salt Lake City, UT, Pamela M. Martinson, Salt Lake City, UT, for defendants.

## MEMORANDUM AND ORDER

BOYCE, United States Magistrate Judge.

█ The plaintiffs have made a motion in limine to exclude evidence that plaintiffs, Skultin and Quimby, have worked in the adult entertainment industry and that plaintiff Kelly Joe Johnson had worked in a legal brothel in the state of Nevada. These employments by plaintiffs were at or about the time of the events involved in this case.

The court has already determined that defendant, Lance Bushnell, a Utah Highway Control Officer, violated the Fourth Amendment rights of all plaintiffs by illegally detaining them following a vehicle stop on I–70 in Utah. There remain issues for trial relative to the legality of the search of the plaintiff Roy Skultin's vehicle and a search of luggage and a purse of the other plaintiffs. In addition, there is a federal claim regarding a refusal, during the detention, to allow the two female plaintiffs the right to relieve themselves and thereby illegally detaining them. Supplemental state claims have been alleged in remain active (28 U.S.C. § 1367).

The plaintiffs contend the evidence as to the nature of plaintiffs' employments would be highly prejudicial. At this stage, the plaintiffs' professional background, which was unknown to Bushnell at the time of his alleged illegal action, is irrelevant to any issue of liability for the alleged violation of plaintiffs' civil rights. The only claim of qualified immunity that Bushnell may advance is in reference to the alleged consent to the search of Skultin's vehicle and as to whether Bushnell could have reasonably believed his conduct was proper. The occupational and related

activities of plaintiffs is completely irrelevant to that issue. The evidence is not logically probative of liability. Rule 401, F.R.E.

The defendants assert that the damages alleged by plaintiffs cannot be evaluated without considering the physical and mental histories of the plaintiffs and this requires consideration of the plaintiffs' professional employments. The argument is based, in part, on the fact that plaintiffs' claim of intentional infliction of emotional distress under Utah law as one of their supplemental state law claims.

The damages to which plaintiffs are entitled for violation of their federal constitutional rights are those directly related to the conduct constituting a violation of the plaintiffs' civil rights and not necessarily the common law tort damages that might otherwise arise from a state tort, although there may, to some degree, be a similar relationship. *Memphis Community School District v. Stachura*, 477 U.S. 299, 306, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986). The damages for a violation of 42 U.S.C. § 1983 are to "vindicate cherished constitutional guarantees." *Owen v. City of Independence*, 445 U.S. 622, 651, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). Nominal damages are awarded where there is no measurable monetary damage. *Carey v. Piphus*, 435 U.S. 247, 266, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); *O'Connor v. Denver*, 894 F.2d 1210, 1215 (10th Cir.1990). "Damages based on the abstract 'value' or importance of constitutional rights are not a permissible element of compensatory damages in 1983 cases." *Stachura*, 477 U.S. at 304 n. 5, 106 S.Ct. 2537, 91 L.Ed.2d 249 (citing cases). Plaintiffs' compensatory damages in this case would be proper for the detention, lost time, and improper physical restraint. An award need not be apportioned as to each constitutional right violated but may be a general award encompassing damages for all rights violated in the episode. *Green v. Johnson*, 977 F.2d 1383, 1388 (10th Cir.1992). However, the court in *Carey* has directed that the rules on compensation for violation of constitutional rights "should be tailored to the interests protected by the particular right in question ..." 435 U.S. at 259, 98 S.Ct. 1042. It is the constitutional violation that determines the scope of damages. *Stachura*, 477 U.S. at 309, 106 S.Ct. 2537; *Carey* at 265, 98 S.Ct. 1042. It has been held that embarrassment and mental anguish are proper considerations in cases of a Fourth Amendment violation. *Keyes v. Lauga*, 635 F.2d 330, 336 (5th Cir.1981); *Halperin v. Kissinger*, 606 F.2d 1192, 1208 (D.C.Cir.1979); *Bolden v. Southeastern Pennsylvania Transp.*, 21 F.3d 29 (3d Cir. 1994). A substantial violation of a constitutional right may include damages for psychological harm that is inflicted. *Foster v. M.C.I. Telecommunications Corp.*, 773 F.2d 1116 (10th Cir.1985); *Abeyta By and Through Martinez v. Chama Valley Indep. Sch. Dist. No. 19*, 77 F.3d 1253, 1255 (10th Cir.1996); *Wulf v. City of Wichita*, 883 F.2d 842 (10th Cir.1989); *Butcher v. City of McAlester*, 956 F.2d 973, 981 (10th Cir.1992). There must be actual injury, *Bolden*, supra.

The emotional damages must be directly related to and caused by the constitutional violation. Plaintiffs make no claim that their employment or professional activities were affected by the alleged misconduct of Officer Bushnell. Consequently, plaintiffs' employment or occupation is irrelevant to the damages for the constitutional violation. Defendant Bushnell's reliance on *Bottomly v. Leucadia Nat.*, 163 F.R.D. 617, 619 (D.Utah, 1995) is misplaced. In that case plaintiff sued for a violation of Title VII for discrimination and sexual harassment in her employment. She made a direct claim of long term psychological harm due to the conduct, including its effect on employment. The court in Bottomly allowed discovery about plaintiff's psychological makeup and prior psychological problems as being potentially relevant on damages. That is a significantly different damage issue and a different procedural context than that involved in this case where the employment of plaintiffs is not involved.

Finally, plaintiffs argue the evidence they seek to exclude would be substantially outweighed by its potential prejudice. Rule 403, F.R.E. If that is the case the evidence is properly excluded. *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

The evidence of plaintiffs' adult sexual activities is in the nature of circumstantial character evidence which would generally be inadmissible in a civil case on liability or damages, except in very special situations where such activities may be in issue. Rule 404(a) F.R.E.; Rule 405(b) F.R.E.; *Crumpton v. Confederation Life Insurance Company,* 672 F.2d 1248 (5th Cir. 1982) (circumstantial character evidence allowed in a civil case where the conduct alleged is essentially criminal); *Perrin v. Anderson,* 784 F.2d 1040, 1040 (10th Cir. 1986) ("Although the literal language of the exceptions to Rule 404(a) applies only to criminal cases, we agree with the district court here that, when the central issue involved in a civil case is in nature criminal, the defendant may invoke the exceptions to Rule 404(a)"). See Michael H. Graham, *Handbook of Federal Evidence,* 412 Ed. § 404.2 (1996). Nothing in this case would allow consideration of the plaintiffs' character by circumstantial evidence based on their employments. A jury could easily improperly consider such evidence on liability, even if such evidence could be said to bear some remote relationship to damages. It is probable that the jury would be confused as to the purpose of the evidence. See Rule 403 F.R.E.; *Stern v. Shouldice,* 706 F.2d 742 (6th Cir.1983) (civil rights action involving academic tenure, evidence of the presence of marijuana in a college vehicle driven by a student, of the plaintiff, would be confusing); *United States v. Kingston,* 971 F.2d 481 (10th Cir.1992) (evidence properly excluded on grounds of confusion); *Orth v. Emerson,* 980 F.2d 632 (10th Cir.1992) (exclusion proper on both grounds of prejudice and confusion).

 Evidence of limited relevance, but with a high risk of prejudice, should be excluded. *Timberlake Const. Co. v. United States Fidelity and Guaranty Co.,* 71 F.3d 335 (10th Cir.1995) (trial court erred in not excluding evidence with a high-risk of prejudice); *Staley v. Bridgestone/Firestone, Inc.,* 106 F.3d 1504 (10th Cir.1997) (prejudicial magazine article excluded where prejudice substantially outweighed probative value). This court recognizes that the exclusion of relevant evidence under Rule 403 F.R.E., at the pretrial stage, is an "extreme measure". *Weir v. Federal Insurance Company,* 811 F.2d 1387 (10th Cir.1987) (extraordinary measure); *In re Paoli R. Yard P.C.B. Litigation,* 916 F.2d 829, 859 (3d Cir.1990), and the court must be able to fairly determine its potential harm at this point to exclude the evidence. *Id.* However in this case, as to plaintiffs' civil rights claims, the evidence is of little or no worth and the inflammatory and prejudicial nature of the evidence is very high.

In *Cohn v. Papke,* 655 F.2d 191 (9th Cir.1981) the court held the trial court erred in admitting evidence of plaintiffs's previous sexual experience in a civil rights suit for an alleged illegal arrest for solicitation of homosexual acts. Exclusion was appropriate under Rule 403 as prejudicial. In *Fitzgerald v. McDaniel,* 833 F.2d 1516 (11th Cir.1987) a suit for violation of civil rights by police for use of excessive force, exclusion of statements made by plaintiff as to marijuana were properly excluded.

The evidence plaintiffs seek to exclude is not admissible in credibility. Rules 608, 609 F.R.E. The evidence is prejudicial and excludable under Rule 403 on the civil rights claims even if there is some small probative value to the evidence. Defendants have other evidence of record that would challenge plaintiffs' claims of damage. Defendants will not be harmed by the exclusion of the evidence.

The final assessment must be whether the plaintiffs' suit for intentional infliction of emotional distress changes the relevance of the evidence of plaintiffs' employment. There's no indication that plaintiffs

contend that the event in this suit interfered with their occupational activities. Rather the contention of emotional distress is related to the detention and search of plaintiffs' vehicle and property. Plaintiffs' exotic employments are not relevant in any reasonable manner.

The court has been informed of substantial evidence about the conduct giving rise to the claims in this case from the context of plaintiffs' and defendants' motions for summary judgment. No issue in these motions was raised as to the tort claim for intentional infliction of emotional distress which remains before the court. Utah law recognizes such a claim in proper circumstances, *Samms v. Eccles,* 11 Utah 2d 289, 358 P.2d 344 (1961); *Debry v. Godbe,* 1999 Utah 111, 992 P.2d 979 (1999); *Mitchell v. Hutchings,* 116 F.R.D. 481 (D.Utah 1987). The claim requires the offender to have "intentionally" engaged in conduct toward plaintiff "with the purpose of inflicting emotional distress" or where a "reasonable person would know that such would result" and "the actions are of such a nature to be considered outrageous and intolerable in that they offend against the generally accepted standards of decency and morality." *Debry,* supra, at 986; *Russell v. Thomson Newspapers, Inc.* 842 P.2d 896 (Utah, 1992); *Jackson v. Brown,* 904 P.2d 685 (Utah, 1995). Without deciding the issue the court notes that it is doubtful if Officer Bushnell's conduct in most of its aspects in this case could meet the required standard or it may otherwise be barred. *Oliver v. Woods,* 21 F.Supp.2d 1325 (D.Utah, 1998) (plaintiff's civil rights suit supplemental claim for intentional infliction of emotional distress was barred by failure to satisfy the Utah Governmental Immunity Act). See also *Ankers v. Rodman,* 995 F.Supp. 1329 (D.Utah 1997); *C.P. Jenkins v. Weis,* 868 P.2d 1374, 1375 (Utah App.1994). However, accepting the viability of the claim, the plaintiffs' occupational activity is irrelevant and prejudicial to this claim as well and must be excluded.

Therefore, the plaintiffs' motion in limine should be granted. Applying the standards of *United States v. Mejia–Alarcon,* 995 F.2d 982 (10th Cir.1993):

**THE COURT HEREBY ORDERS** the defendants may not introduce any evidence of plaintiffs' adult entertainment occupational activities or that plaintiff Johnson was or is a prostitute. Plaintiffs on direct examination may, by way of background, if they choose, refer to their occupations as being in "the entertainment business." That should be the full extent of the evidence unless the plaintiffs further open the door.